CASE 58—ACTION TO RECOVER OFFICE—APRIL 28.

106 509
e109 785

# Heyker v. McLaughlin, Etc.
# Same v. Herbst, President, Etc.

APPEAL FROM KENTON CIRCUIT COURT

MUNICIPAL CORPORATIONS—CITIES OF SECOND CLASS—BOARD OF EDUCATION.—In the absence of express legislative authority, the Board of Education of a city of the second class has no authority to enact a by-law providing that it shall require a two-thirds majority to elect a clerk of that board. Such a by-law is violative both of the common and statute law of the State.

M. L. HARBESON, FOR THE APPELLANT.

1. Charter Provisions. Ky. Stats., secs. 3226, 3212, 3231, 448.
2. Mandamus, the proper remedy in the proceeding against Herbst as president, &c. Clark v. McKenzie, 7 Bush, 523; People v. Pease, 27 N. Y., 45; 6 Am. & Eng. Ency. of Law, 311, 380, 385; Cassidy, Auditor's agent, v. Young, 13 Ky. Law Rep., 512; Batman v. Megowan, 1 Met., 533; Cox v. Kash, 1 Bush, 201; Howes v. Walker, 13 Ky. Law Rep., 530.
3. Want of power in the board to adopt the rule requiring two-thirds to elect a clerk, 15 Am. & Eng. Ency. of Law, pp. 1039, 1041 and 1043; 17 Same, p. 236; Dillon on Municipal Corps., sec. 317; J. Monroe Haskill v. Mayor and council of Baltimore, 65 Md., 125; s. c. 125 Am. & Eng. Corps. Cases, p. —; s. c. 57 Am. Reps., 308; Hewitt v. Craig, 86 Ky., 23; 15 Am. & Eng. Ency of Law, 1042; 2 Am. & Eng. Ency. of Law, 706; Cadmus v. Farr, 47 N. J., 208.
4. The rule that in ordinary actions where the law and facts are submitted to the court, this court on appeal will not consider the question whether or not the pleadings sustain the judgment in the absence of a separation of the conclusions of law and facts and exceptions to the finding of law and motion for new trial, has never been adopted by this court. Union Ins. Co. v. Groom, 4 Bush, 292; Helm v. Coffey, 80 Ky., 176; Henderson v. Dupree, 82 Ky., 678; Albin v. Ellinger, 19 Ky. Law Rep., 1887.

HARVEY MYERS, FOR THE APPELLEES.

1. A rule adopted by a municipal legislative body requiring a two-thirds vote for the election of officers (the constating instru-

ment of such body providing that the majority of the members-elect shall be a quorum) is legal and binding.

2. The rules of a municipal legislative body having continuous succession, do not die with the expiration of the terms of the members who enacted same.

Citations: Ky. Stats., sec. 3212; Hyskell v. Morgan, 65 Md., 125; 15 Am. & Eng. Ency. of Law, 1046.

WM. A. BYRNE, ALSO FOR THE APPELLEE.

Counsel argued that the two-thirds rule which had been adopted by the board 'of education was a valid rule, and that it did not cease to be operative when the members of the board enacting it went out of office. In support of his contention, he cited: Ky. Stats., secs. 3212, 448, 3226; Beach on Private Corporations, vol. 1, ch. 16, sec. 308; Beach on Corporations, sec. 309; Bigelow on Estoppel, pp. 673, 679.

W. A. BYRNE AND HARVEY MYERS FOR APPELLEES IN A PETITION FOR A MODIFICATION OF THE OPINION.

Even although the two-thirds rule be invalid, it does not follow that the appellant is entitled to recover the fees of clerk of the board of education. McLaughlin's term was a four year term from January, 1896; it did not, therefore, expire until 1900, and at the time the appellant claims to have been elected there was no vacancy in the office.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

By agreement, these two actions are tried together. Both were instituted by appellant for the purpose of getting possession of the office of clerk of the Board of Education of the city of Covington, which office he claims he was elected to fill by a majority of the Board of Education in January, 1898, for a term of two years.

Appellant alleges that at a regular meeting of the Board of Education, then consisting of twelve members, held for the purpose of electing a clerk, in January, 1898, he received the votes of seven members of the board, and appellee McLaughlin received the votes of the other five members, but that the president of the board, refused to declare him elected to

the office, and appellee McLaughlin, the incumbent, has re-
fused to surrender the office.

Appellees admit that the election was held by
the Board of Education, and that appellant re-
ceived seven votes, but deny that by reason thereof he was
elected clerk, for the reason that prior to the time of the
election the Board of Education had adopted a rule provid-
ing that it should require a vote of two-thirds of the mem-
bers composing said board to elect a clerk, and that this
rule was in force and effect at the date of the election, and
that appellant failed to receive the requisite two-thirds.

The legal question involved on the appeal in both cases
turns upon the question as to the power of the Board of
Education of the city of Covington to enact the rule re-
quiring a vote of two-thirds of the members thereof to
elect a clerk.

Section 3212 of the Kentucky Statutes provides
for a system of public schools for the city of Coving-
ton, and that the said schools shall be under the control
of a Board of Education, who shall be declared to be a body
politic and corporate, with perpetual succession. They
are given control and management of the public schools of
the city, and the power *to make by-laws and rules necessary
for the discharge of their duties and the government of
their proceedings.* Section 3226 provides that "said board
shall have the power to appoint a clerk; prescribe his du-
ties and term of office, and fix his compensation;" and sec-
tion 3231 provides that "the Board of Education shall elect
from their own number a president for the term of two
years, and may prescribe who shall preside in his absence,
and make all necessary rules, prescribing the duties of
the presiding officer and the government of themselves."
By another section of the statutes it is provided that one-

half the members shall go out of office each year, all members being elected to serve for two years.

It is the contention of appellant that the Board of Education had no power to adopt the rule in question, because it was not expressly given by the statute creating them, and defining their powers, nor conferred by the general power to enact by-laws, contained in section 3212. It is insisted that the rule is in conflict with section 448 of the Kentucky Statutes, which provides that "words purporting to give authority to three or more public officers, or other persons, shall be construed as giving such authority to a majority of such officers or other persons;" and section 679 of the Civil Code, which provides that "an authority conferred by law upon three or more persons may be exercised by a majority of them concurring, and an act directed by law to be done by three or more persons may be done by a majority of them concurring;" and that it is in conflict with the universal common-law rule on the subject; whilst, on the other hand, it is insisted for appellees that the power given them in section 3212 of the Kentucky Statutes, to make by-laws and rules necessary for the discharge of their duties and the government of their proceedings, authorized them to adopt the rule requiring the two-thirds vote to elect a clerk.

Mr. Dillon, in his work on Municipal Corporations (4th Ed., sec. 317), says:

"Since all the powers of a corporation are derived from the law, it is evident that no by-law or ordinance of a corporation can enlarge, diminish, or vary its powers. By-laws are in their nature strictly local and subordinate to general laws, and it is the policy of the law to require of them a strict observance of their powers, and they can not be exercised where it is not clearly appre-

hended within the words of the act, or derived therefrom by necessary implication."

And in 17 Am. & Eng. Enc. Law, p. 236, it is said: "Ordinances passed by a municipal corporation under powers derived from its charter derive their authority from the legislative power of the State, and not merely from the municipal authority passing them. The Legislature of a State may delegate to a municipal corporation the power to make by-laws and ordinances, and, when so passed, they have the force and effect of the legislative act, within the limits prescribed for it."

The Board of Education is the creature of the Legislature, and can exercise no power not expressly or by necessary implication granted to it. Neither can it deprive itself, by its own actions, of the powers that are given it, and it can not enlarge or diminish them; and, whilst the Legislature could have provided that the Board of Education could enact a by-law to require the vote of two-thirds of its members to elect a clerk, or to exercise any other power conferred upon it by law, in the absence of such express or implied authority the majority of that body can not delegate its rights and powers to the minority, and, in the absence of statutory provision, the common-law rule, that the will of the majority shall be taken as the will of the whole, must prevail.

It was said by the Supreme Court of Maryland in the case of Heiskell v. Mayor, etc., reported in 65 Md. 125, [57 Am. R., 308, and 4 Atl., 466], in commenting upon a contention of this sort, that "the Legislature having granted to this municipal corporation the right to settle their rules of procedure, this power included the right to fix the number necessary for a quorum and the transaction of business. 'Rules of pro-

cedure' are rules made by any legislative body as to the mode and manner of conducting the business of the body. They are intended for the orderly and proper disposition of the matters before it. Thus, what committees, and upon what subjects they shall be appointed, and what shall be the daily order in which the business shall be taken up, and in what order certain motions shall be received and acted upon, and many other kindred matters are subjects of the rules of procedure. . . . But these rules of procedure never contravene the statute or common law of the land. . . . As a general rule, the power that creates a municipal corporation fixes the number of members that shall constitute a quorum; and the 'quorum' of the body may be defined to be that number of the body which, assembled in their proper places, will enable them to transact their proper business, or, in other words, that number which makes the lawful body, and gives them the power to pass a law or ordinance. But when, in a case like the present, of a municipal corporation, the statute law creating it is silent as to what shall constitute a legal assembly, the law, both in England and in this country, is well settled that the majority of the members elect shall constitute the legal body."

Mr. Dillon, in his work on Municipal Corporations (4th Ed., sec. 278), says: "The common-law rules as to quorums and majorities, established with reference to corporate bodies, consisting of a definite number of corporators, have, in general, been applied to the common council, or selected governing bodies of our municipal corporations, where the matter is not regulated by a charter or statute."

It follows, therefore, in the absence of express authority in the articles of incorporation authorizing the Board

of Education to pass the by-law in question, that the common-law rule, that a majority thereof could legally act, is in full force; but we are of the opinion that the right to pass the ordinance in question is in direct contravention with the provisions of the statute and Code, referred to above, which provide that an authority conferred by law upon three or more persons may be exercised by a majority of them concurring. (See Hewitt, Auditor v. Craig, 86 Ky., 23), [5 S. W., 280].

In our opinion, the general power conferred upon appellee to make by-laws and rules for the discharge of their duties and the government of their proceedings does not confer the power to enact a by-law requiring a two-thirds vote to elect an officer provided for by the charter, where the charter is silent as to the mode of this election. The rule was not necessary to carry into effect any power conferred by the charter to the body, and has a tendency to obstruct the performance of this important duty, and to take away from the majority the power conferred upon it, and vest it in the mionrity.

As appellant received a majority of the votes of the Board of Education at a meeting regularly called for the election of clerk, it was the duty of the president of the board to have declared him duly elected, and he is entitled to the office and the salary attached thereto. For reasons indicated the judgment appealed from is reversed, and the case remanded for proceedings consistent with this opinion.

RESPONSE TO PETITION FOR REHEARING BY JUDGE BURNAM:

It is insisted by appellee in his petition for rehearing [50 S. W., 859], in this case that he was elected to fill the office of clerk of the Board of Education for four years from January, 1896, and that there was, therefore, no vacancy in the office in January, 1898.

Whilst this suggestion was made in the original brief, it was not seriously insisted upon, and, in our opinion, is wholly unsupported by the agreed facts filed in the case, which show that appellee was elected clerk of the school board for the city of Covington for one year in January, 1893, and that in the December following he was again elected to this office for the term of four years, which term did not expire until December, 1898. It is true that in April, 1896, by action of the board, the term of the office of clerk was changed from four to two years, and it was expressly provided that this rule should apply to appellee, and that his term should begin January 1, 1896; and both under his original election and under the change made in April, 1896, it was provided that his term should expire on the 1st day of January, 1899. It seems to us that these facts are conclusive of appellee's contention on this point.