CASE 112—ACTION TO TEST VALIDITY OF AN ORDINANCE—FEB. 13.

# Keith v. City of Covington, &c.

### APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.  AFFIRMED.

MUNICIPAL CORPORATIONS—PASSAGE OF ORDINANCE—REFUSAL OF PRES-
IDENT OF COUNCIL TO ACT—ELECTION OF PRESIDENT PRO TEMPORE.

Held:  Under Kentucky Statutes, section 3043, part of charter of
cities of the second class, providing that, in the absence of the
president of the board of councilmen, a president *pro tempore*
shall be chosen by the board from among its own members, the
president is "absent" when he vacates his seat, and refuses to
act, and the board may then elect a president *pro tempore*,
though the regular president remains in the room.

W. McD. SHAW, ATTORNEY FOR APPELLANT.

An ordinance granting to the Covington Gas Light Company
an exclusive franchise to furnish gas to the city of Covington
and its inhabitants was passed by the board of aldermen of
said city on December 4, 1900; was presented to the board of
councilmen and then read for the first time, at the direction
of the president of the board; all bids for a franchise were read.
At a meeting on December 24, 1900, the same ordinance was
again read, and then Mr. Evans, a member, was recognized,
whereupon Mr. Sayers, also a member, presented a motion that
the session be extended to 11:45 p. m., of that day, said motion
being signed by eight members of the board.  The president of
the council declared said motion out of order, and refused to
recognize it.  The president vacated his seat, and upon motion
of Mr. Towers, seconded by Mr. Lind, Mr. E. B. Sayers was
elected president *pro tempore* of said board.  Mr. Sayers took
the chair and acted as president, and said motion to extend
the session was adopted.  The ordinance was passed to its sec-
ond reading by eight for, and one against, and then passed by
the same vote, three members of the council, including the
president, refused to vote, though present.  The mayor approved
the ordinance.

This suit is to test the validity of the ordinance.  Appellant
submits for determination this question:  The president of the

council recognizes a member and that member has the floor; the president vacates his seat, but is still present; immediately eight members elect a president *pro tempore*, extend the session of the board, and pass the ordinance. Is an ordinance thus passed legal?

We claim that the president of the board was not absent, and that the nine remaining members had no right to elect Mr. Sayers. president *pro tempore*, and such action was illegal and the ordinance passed was null and void. Gen. Digest Annotated, vol. 9 (1900), p. 3252; Starr, &c., Ann. St. C., 24, art. 2, sec. 4; People v. Blair (1899), 82 Ill. App., 570; Blair v. People, 54 N. E., 1024.

J. W. BRYAN, FOR COVINGTON GAS LIGHT COMPANY.

1. That the city had the right in its discretion to pass the ordinance or make this contract, and the gas company power to take the grant and make the contract is *res judicata*. Keith v. Johnson, &c., 22 Ky. Law Rep., 947.

2. The ordinance having had its first reading at a previous meeting of the board, was at this meeting entitled to have its second reading and passage, provided seven members would vote for it. Section 3059, Ky. Stats.

3. When the president vacated the chair the board clearly had the right to elect a presiding officer *pro tempore* just as though the president was absent. His refusal to serve made his office vacant. Nine members voted for the *pro tem* president, and we claim that the passage of the ordinance by the affirmative vote of eight out of the twelve members was valid. Keith v. Johnson, &c., 22 Ky. Law Rep., 947; Ky. Stats., sec. 3040; Tillman v. Otter, 93 Ky., 600; Heyker v. McLaughlin, 20 Ky. Law Rep., 1983.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

The appellant, Charles W. Keith, instituted this proceeding under section 3063, Kentucky Statutes, which is a section of the charter of cities of the second class, to test the validity of a city ordinance granting to the Covington Gas Light Company, its successors and assigns, the exclusive franchise for a term of twenty years from the date thereof to enter into and upon the streets and other public places of the city of Covington, to lay and maintain

gas pipes, and to furnish the city and its inhabitants with gas. The basis of his complaint that the ordinance is illegal is that on the first Monday of January, 1900, the board of councilmen elected M. H. McLean, one of its members, as its regular president, who continued and remained in said office of president, and was such president on the 24th day of December, 1900; that at a meeting of the board of councilmen on that date they elected E. P. Sayer, one of its members, president *pro tempore;* and that the ordinance in question was passed while Sayer was so acting, the regular president being president at the meeting, but having voluntarily vacated his chair as president, put on his hat, and announced that he would not put that motion, or any motion. It is insisted that for this reason the ordinance is illegal, null and void. A certified copy of the record of the proceedings of the council, filed in this suit, shows that at the meeting of the board of councilmen held December 4, 1900, the ordinance was given its first reading; and that at a subsequent meeting held December 24, 1900, all of the members of the council were present, and the regular president in the chair, when a motion was made in writing, signed by two-thirds of the whole board, extending the session until 11:45 o'clock p. m. of that day, the president refused to entertain this motion, ruled it out of order, and vacated his seat. Thereupon a motion was regularly made by one of the members of the council, and seconded by another, to elect E. P. Sayer, a member of the council, president *pro tempore.* This motion was adopted by the vote of three-fourths of the whole body; three members, including Mr. McLean, who was present, refusing to vote; and the ordinance was passed, eight members of the board of councilmen voting for its passage, and one against it. At a subsequent meeting, held

December 26, 1900, the minutes of all the proceedings and actions of said board on the 24th of December, 1900, were approved.

Section 3043 of the Kentucky Statutes provides that the board of councilmen of cities of the second class shall be composed of two members from every ward of the city, and that each board shall elect from its own members a president thereof, who shall hold the office one year; that, in his absence, a president *pro tempore* shall be chosen from among its own members; that each board shall adopt rules for its proceedings; and that a majority of the members of the board elected shall form a quorum. It appears that the board of councilmen of the city of Covington consists of twelve members. Section 3059 of the Kentucky Statutes provides, viz.: "No ordinance and no resolution shall be passed unless a majority of the members-elect in each board shall vote therefor on *viva voce* vote, which shall be entered in full on the journals of the two boards, and until it shall be read in each board at two several meetings, and free discussion allowed thereon; so much of this provision as requires a reading at two several meetings may be suspended with by a vote of two-thirds of the members-elect of the board in which the proposed ordinance is pending." It is not contended that this ordinance did not secure the necessary vote, or that it was not passed by the board of aldermen. The sole ground of objection is that Sayer had no right to preside at the meeting on December 24th, while McLean was present. It seems to us that this contention is wholly untenable. When McLean, the regular president, vacated the chair, and refused to preside over the meeting, put the necessary motions and to discharge the duties imposed upon him by his position, he was absent, within the meaning of

Keith v. City of Covington, &c.

the statute, though not absent in fact. We have not been cited to any authorities directly in point. In the case of Byrne v. Arnold, 24 New Br., 161, the Canada statute provided that, where a prosecution for a certain offense is brought before two justices, no other justices shall sit unless one or both of the original justices is absent. The court said: "I think the word 'absence' in this section does not necessarily mean actual absence from the place or room where the trial is held, but would apply to a case where the justices had for some cause become unable to sit or take part in the proceedings." In the case of Heyker v. McLaughlin (Ky.), 50 S. W., 859, the board of education of the city of Covington had passed a by-law which required the vote of two-thirds of the members thereof to elect a clerk. The board consisted of twelve members. At a regular meeting of the board Heyker received the vote of seven members of the board and McLaughlin the vote of the other five members, but the president of the board refused to declare Heyker elected to the office, and McLaughlin, the incumbent, refused to surrender the office. Upon an appeal to this court in suit to secure the office it was held that, as Heyker received a majority of the votes at the regular meeting called for the election of a clerk, he was entitled to the office and salary attached thereto, notwithstanding the failure of the president of the board to declare the result. The essential point in the passage of an ordinance by the board of councilmen is that it should be fairly submitted to the members of the council, and shall receive the number of votes required by law to pass it. As the records of the proceedings of the board of councilmen clearly show that three-fourths of the members voted that Sayer should act as president

*pro tempore*, after the regular president had vacated his seat and refused to perform the duties of his office, and that two-thirds of the entire body of councilmen voted for the passage of the ordinance, and that at an adjourned meeting held in the council chamber on Wednesday evening, December 26, 1900, at 7:30 o'clock p. m., the minutes of the last meeting were read, and approved without objection, we are of the opinion that all of the steps required by law to give validity to the ordinance in question have been complied with, and that the ordinance and contract made pursuant thereto are binding both upon the gas company and the city. Judgment affirmed.