[No. 4518.]

THE PEOPLE EX REL. FUNK v. WRIGHT.

**1. Cities and Towns—Elections—Filling Vacancies.**

The legislature has plenary power to provide how and when
the successors of officers of cities whose terms shall expire at a

certain time shall be chosen, and the fact that the time for choosing such successor is fixed at a date before a vacancy occurs by the expiration of the term does not invalidate the election of such successor.

**2. Same—City Council—Authority of Mayor to Vote.**

The mayor of a city is ex officio a member of the city council, and under an act of the legislature providing that vacancies in certain offices shall be filled by a majority vote of all the members of the city council the mayor is entitled to a vote as a member of the council.

**3. Cities and Towns—City Council—Quorum—Elections.**

Where a city council was composed of the mayor and eight aldermen and the official term of four of the aldermen expired in April, 1902, the mayor and the four hold over aldermen then constituted the council and the mayor and two aldermen constituted a quorum and a majority of all the members of the council and an election of the successor of one of the aldermen, whose term had expired, by the affirmative vote of the mayor and two aldermen was a valid election under Session Laws 1901, page 384.

**4. Cities and Towns—Elections—Statutory Construction.**

The act (Session Laws 1901, page 384) providing for biennial elections in cities of the second class to be held in April, 1901, and every two years thereafter, and providing that city officers whose terms would not expire until April, 1902, should hold over for the term for which they were elected and until the second Monday after the election to be held in April, 1902, at which time vacancies should exist and that such vacancies should be filled by a majority vote of all the members of the city council, is not meaningless and incapable of enforcement because by the act itself no election could be held in April, 1902, but the clear purpose of the act as applied to aldermen whose terms expired in April, 1902, was that their successors should be elected by members of the council whose terms would not expire until April, 1903.

**5. Constitutional Law—Title of Act—Cities and Towns.**

The title of the act (Session Laws 1901, page 384) is sufficiently broad to include the provision for the election of the successors to aldermen whose terms expired April, 1902, by the city council composed of the mayor and aldermen whose terms would not expire until April, 1903.

*Appeal from the District Court of Teller County.*

Messrs. TEMPLE & CRUMP, for appellant.

Mr. FRANK J. HANGS and Mr. HENRY H. CLARK, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Appellant claims to be entitled to the office of alderman for the second ward of the city of Cripple Creek. To test this question he ·brought an action against appellee for usurpation of the office which he claims. The judgment was for defendant, and the relator appeals.

By an act entitled "An act concerning the election and terms of office of * * * aldermen * * * in cities of the second class, in the State of Colorado, and repealing all acts and parts of acts in conflict therewith," it is provided that the qualified electors of all cities of the second class shall, on the first Tuesday of April, in the year 1901, and every two years thereafter elect two aldermen from each of the several wards of such cities, whose terms of office shall be two years, provided that in cases where the terms of such officials shall not expire until the year 1902, by virtue of an election prior to April, 1901, the incumbents shall hold over for the term for which they were elected, "and until the second Monday after the election to be held in April, A. D. 1902," at which time their terms shall expire, and the city council of such cities, by majority vote of all the members, shall select the successors of such officers.—Session Laws, 1901, 384-5.

The cause was determined upon facts stated in the complaint, to which a general demurrer was sustained, and so far as material to the questions presented for consideration, and as pleaded by relator, are to the effect that the city of Cripple Creek is a city of the second class, divided into four wards, represented by two aldermen from each ward; that

at the municipal election of the city of Cripple Creek, held on the third day of April, 1900, relator was elected alderman from the second ward, for the term of two years, and duly qualified two weeks later; that April 14, 1902, at a meeting of the city council at which only the mayor and two out of the four aldermen whose terms of office were not affected by the act in question, were present, the defendant, by unanimous vote, including the mayor, was appointed alderman of the second ward, and has since been recognized by the council as such alderman, to the exclusion of the relator. Counsel for appellant contend (1) that the election of defendant was illegal and void for the following reasons: His election was premature, because there was no vacancy in relator's office on April 14, 1902; the mayor had no right to vote upon the election of defendant, and that at such election no quorum was present; (2) the proviso of the section c the act of 1901 is void, because it is meaningless and incapable of enforcement; (3) such proviso is unconstitutional, because it is foreign to the title subject of the act.

1. The various reasons assigned in support of the claim of counsel that the election of defendant was illegal and void may be considered together. Whether or not relator's term of office had expired on the date the city council elected his successor, is immaterial, as to the particular question that the election of defendant was premature. The election was held on the date designated by the act under which the council assumed to elect the defendant. There can be no doubt but that relator's office expired by limitation in April, 1902, by the provisions of the law under which he was elected, and the legislature had the plenary power to provide how and when the successors of those whose terms of office expired at that time should be chosen. Neither is it material to de-

termine whether or not the act in question repeals or is in any manner repugnant to antecedent provisions of the law relating to municipal corporations which provide that the mayor shall only vote in case c. tie. The act is complete in itself; was passed for a special purpose; the mayor is *ex officio* a member of the city council; and by the express terms of the act, he was given authority to vote to fill vacancies occasioned by the expiration of official terms in April, 1902, and hence, any limitation which might exist as to his right to vote upon other matters proper for the council to consider is not involved in this case. There were but four aldermen holding over on the 14th of April, 1902. The aldermen, with the mayor, whose official terms will not expire until April, 1903, constituted the council a body of five members. Three was a majority of this number. This majority all voted for defendant, and for the purpose of electing him, constituted a quorum in the absence of any provision in the act to the contrary, independent of what other statutes may provide as to the number which shall constitute a quorum of a city council for the transaction of other business.—*People ex rel. v. Lothrop*, 3 Colo., 428; 20 Ency. Law, 2d ed., 1212.

2. It is argued that the proviso of the act is meaningless and incapable of enforcement, because it provides that the incumbents of offices whose terms do not expire until the year 1902 "shall hold over for the term for which they were respectively elected, and until the second Monday after the election to be held in April, A. D. 1902, at which time a vacancy shall exist in all such said offices." The objection urged against this part of the act is that according to its terms, no election could be held in April, 1902, and therefore, by its provisions, relator's term could never expire. The clear purpose of the act when construed as a whole, in so far as it affects relator,

was to provide that the successors of aldermen whose term of office expired in April, 1902, should be elected by the members of the council whose terms will not expire until April, 1903.

3.  The constitutional question presented is the only one which gives this court jurisdiction to entertain this appeal.  Two reasons are urged in support of the contention that this act is unconstitutional: (1) that under the title, the mayor could not be given the right to vote: and (2) the act provides that the vacancies occurring shall be filled by ''appointment,'' instead of by ''election.''  In construing the constitutional provision invoked, which provides that, with the exception of general appropriation bills, no bill shall be passed containing more than one subject, which shall be clearly expressed in its title, we have repeatedly held that legislation germane to the subject expresed in the title of an act is not obnoxious to this provision, and that all matters legislated upon which are appropriate or relevant to the subject as thus expressed in the title, are germane.  The general object of the act is to provide for the election of designated officials of cities of the second class.  This is fairly indicated by its title, and constitutes its subject.—*People ex. rel. v. Goddard*, 8 Colo., 432.  All legislation on this subject directly calculated to attain the object in view is embraced within the title; so that when it was provided, in so far as the rights of relator are concerned, how and by whom such official or his successor should be elected, the method for the election of municipal officers of cities of the second class was provided.  This was within the provision of the act, as expressed in its title.

The judgment of the district court is affirmed.

*Judgment affirmed.*