STATE *v.* EBEN C. GITCHELL.

October Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed January 18, 1916.

*Municipal Corporations—Police Power—Regulations of Build- ings—Method of Exercise by City Council.*

Unless a different rule is prescribed by the charter or by some general law, the powers of a city council are impliedly to be exercised by a majority of a quorum.

Where the power of a city council to regulate buildings is impliedly to be exercised by a majority of a quorum, an ordinance requiring a two-thirds vote for the issuance of a building permit where the building inspector has reported adversely, while on a favorable report a majority vote is made to suffice, is void as to that require- ment.

COMPLAINT for violation of an ordinance of the City of Montpelier, brought to the Montpelier City Court. Plea, not guilty. Trial by court, *Harvey,* City Judge. Judgment that respondent would be guilty if the ordinance were valid, but that the ordinance is void, and respondent is discharged. The State appealed. The opinion states the case.

*George L. Hunt,* City Attorney, for the State.

*Albert A. Sargent* for the respondent.

HASELTON, J. This is a complaint for a violation of an ordinance of the City of Montpelier, heard before E. M. Harvey, City Judge. The judge held that the respondent was guilty of the offence charged unless the ordinance is void; but he adjudged that the ordinance is void and that the respondent be discharged on two grounds, namely: that the charter of the city did not authorize the ordinance, and further that the ordinance is an unreasonable interference with property rights, and therefore not a valid exercise of the police power. The State was allowed an exception. If the ordinance is invalid on any ground or in any respect affecting the respondent, the judgment should be sustained.

The ordinance is entitled: ''Ordinance for the Prevention of Fires.'' The ordinance provides that any person desiring to erect any building within the City of Montpelier shall file an application with the inspector of buildings, such application to contain various details, that the inspector shall proceed to report to the city council, recommending or not the granting of a permit; and that the city council shall upon investigation ''either grant or deny'' the inspector authority to issue a permit in accordance with the application. The ordinance provides, however, that if, as here, the inspector's recommendation is against the granting of a permit, a two-thirds vote of the city council shall be requisite to the granting of one, and if the city council ''determine by vote,'' to authorize the inspector to grant a permit he shall issue one accompanied with various specifications, and that if a building is begun without a permit ''so authorized'' the builder and owner shall each be deemed to have violated the ordinance, and this without reference to the question of whether or not the failure to get a permit results from the denial of one by the city council, or, as appears to be the case here, from the inaction of the city council. Several questions respecting this ordinance arise.

One relates to the rather curious provision that when the matter of granting a permit comes before the city council, a permit may be granted by the council by a majority vote if the report of the building inspector is favorable, but only by a two-thirds vote if his report is unfavorable.

The council has not delegated nor undertaken to delegate the power to grant or deny a permit to its building inspector, but has retained the power to investigate and act for itself, and

has denied to an applicant the right to favorable action by a majority vote in a case like this.

The State says that the ordinance was obviously framed in analogy to P. S. 3626 and sections following, and such appears to be the case. But the provision which we have referred to making a two-thirds vote of the city council requisite to the granting of a permit in a case which stands as this did, or in any case, is not found in the Public Statutes, nor is there any such provision in the city charter. The charter powers of the city council in respect to buildings are among a long list of powers all to be exercised in the same way, that is impliedly by a majority of a quorum, for this is the well established rule, unless a different rule is established by a provision of the charter or by some general law.

The respondent is prosecuted for constructing an ice-house without obtaining a permit under such ordinance, but the city council had no authority to require him to obtain a permit authorized by a two-thirds or a three-fourths or an unanimous vote of the city council, and the ordinance which, in the circumstances, denied him a permit unless one was authorized by a two-thirds vote of the council was void in that particular. *Dillon,* 4th ed. secs. 277, 278, 282; *Thurston* v. *Huston,* 123 Iowa 157, 98 N. W. 637; *Heiskell* v. *Baltimore,* 65 Md. 125, 4 Atl. 116, 57 Am. Rep. 308; *United States* v. *Ballin,* 144 U. S. 1, 6, 36 L. ed. 321, 12 Sup. Ct. 507; *People* v. *Wright,* 30 Colo. 439, 71 Pac. 365; *North Platte* v. *North P. Works,* 56 Neb. 403, 76 N. W. 906; *Heyker* v. *Herbst,* 106 Ky. 509, 50 S. W. 859, 51 S. W. 820; *Barnert* v. *Paterson,* 48 N. J. L. 395, 6 Atl. 15; *Brown* v. *District of Columbia,* 127 U. S. 579, 586, 32 L. ed. 262, 8 Sup. Ct. 1314.

The respondent did no act for which a penalty was legally prescribed.

*Judgment affirmed.*