

# The Attorney General of Texas

December 30, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

)01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Stan Schlueter
Chairman
Committee on Ways & Means
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.  JM-122

Re:  Effectiveness of House committee rules relating to confidentiality of information considered by subcommittee

Dear Representative Schlueter:

You have requested our opinion regarding the validity of certain provisions of House Resolution No. 114, adopted by the House on April 27, 1983.  Certain provisions of those rules attempt to contravene portions of the Open Records Act, article 6252-17a, V.T.C.S., so as to except from disclosure information not presently excepted by that statute.  You first ask:

> 1.  Are the applicable provisions of. . . House Resolution No. 114 effective despite the Open Records Act. . . because of the provision in article III, section 11 of the Texas Constitution that each house determines the rules of its own proceedings?

Article III, section 11 of the Texas Constitution provides, in pertinent part:

> Each house may determine the rules of its own proceedings. . .

In our opinion, the term "rules of its own proceedings" must be construed narrowly to apply only to matters of procedure.  Legislation governing the dissemination of information in the custody of members of the House of Representatives, or by committees or subcommittees thereof may not properly be so characterized.  In Pickus v. United States Board of Parole, 507 F.2d 1107 (D.C. Cir. 1974), a federal appellate court said that the term "rules of agency organization, practice or procedure" means technical regulations of the form of agency action and proceedings and does not include action which goes beyond formality and substantially affects substantive rights.  Id. at 1108.

Furthermore, article 6252-17a, enacted in 1973 by the Sixty-third Legislature, specifically includes the legislature within the scope of the act.   Section 2(A).   We do not believe that one house of the legislature, under the guise of its rule-making authority, may remove itself from the coverage of a specific substantive law that has been enacted by both houses of the legislature and signed by the governor, pursuant to article III, section 1 of the Texas Constitution, which vests the "legislative power of this State. . . in a Senate and House of Representatives . . . ."   In Heiskell v. City of Baltimore, 4A. 116 (Md. 1886), the court of appeals of Maryland said:

> When the constitution of the United States gave to each house of congress, 2nd the constitution of the state of Maryland the right to each house of the general assembly, to determine its rules of proceeding, it was never held for a moment that such a right included the power to change any existing statute or common law.

4A., at 118-19.    Accord, Heyker v. Herbst, 50 S.W. 859, 860 (Ky. 1899).

In Senate Select Committee on Presidential Campaign Activities v. Nixon, 366 F.Supp. 51 (D.C. 1923), the federal court held that a statute enacted by both houses of Congress controls over a resolution adopted by one house.   Id. at 56, n. 8.   Doyle v. Hofstader, 177 N.E. 489, 494 (N.Y. 1931), the New York court said that a resolution of one House of the Legislature is invalid and of no effect if it is in conflict with general law.   To the extent that House Resolution No. 114 is in conflict with article 6252-17a, we believe it is invalid. We emphasize that, if the legislature wishes to adopt a resolution similar to House Resolution No. 114, the proper procedure for doing so is by amending the Open Records Act.

Your second question is:

> 2.   If the Open Records Act does govern the subcommittee proceedings, is a rule of the House of Representatives considered a 'law' for the purposes of section 3(a)(1) of the act so that information deemed confidential under. . . House Resolution No. 114 would be excepted under section 3(a)(1)?

As we have noted, for purposes of the Open Records Act, the House of Representatives is a "public body" subject to that statute's provisions.   In Industrial Foundation of the South v. Texas Industrial Accident Board, 540 S.W.2d 668 (Tex. 1976), the Supreme Court of Texas said that, while a rule enacted by a public body may have the force

and effect of statute in other contexts, a governmental agency is not permitted to bring its records within the ambit of the exception of section 3(a)(1) merely by the promulgation of a rule.   The court declared:

> To imply such authority merely from general rule-making powers would be to allow the agency to circumvent the very purpose of the Open Records Act.

540 S.W.2d, at 677.   See also Open Records Decision Nos. 173, 152 (1977).

Your final question is:

> 3.  Would 'subcommittee sensitive information or material' as defined by rule 9, section 1(a) of House Resolution No. 114 be covered by any other exception under section 3(a) of the Open Records Act?

Section 1(a) of rule 8 of the proposed rules defined "subcommittee sensitive information or material" as:

> information or material in the possession of the subcommittee that pertains to illegal or improper conduct by a present or former member, officer, or employee of the house; to allegations or accusations of such conduct; to any resulting preliminary inquiry, initial review, or investigation by the subcommittee into the allegations or conduct; or to the investigative techniques and procedures of the subcommittee.

Such information might possibly be withheld under a number of exceptions in section 3(a) of the Open Records Act:   under section 3(a)(1), as information within the scope of common law privacy or the informer's privilege; under section 3(a)(2), as information within the scope of employee privacy; under section 3(a)(3), as information contained in interagency or intraagency memoranda or documents. Neither do these examples necessarily exhaust the list of potential exceptions.   We can determine the applicability of specific exceptions only when presented with particular documents for which exceptions are claimed.

## S U M M A R Y

Article   III,   section   11   of   the   Texas Constitution, authorizing each house to determine

the rules of its own proceedings, applies to matters of procedure. House Resolution No. 114 is invalid to the extent it conflicts with article 6252-17a, V.T.C.S. However, certain "committee sensitive information" may possibly be withheld under a number of exceptions in section 3(a) of the Open Records Act.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton