FRED ROTH, Defendant in Error, v. ZEILDA FOR-
SEE, Plaintiff in Error.

**Kansas City Court of Appeals, May 16, 1904.**

1. **TAX BILLS: Second Class City: Street Improvement: Stat-
utory Construction.** Section 5683, Revised Statutes 1899, is
not repealed by section 5661, since the latter is in the nature
of an enabling act not conflicting with the former section and
intended to meet different conditions.

2. ———: ———: **Notice: Publication.** Publication of a notice
of the presentation of a petition for street improvement is
examined and held to comply sufficiently with the ordinance.

3. **APPELLATE PRACTICE: Completion of Street Improvement:
Time: Finding of Fact.** In an action on a taxbill the trial court
found that a street improvement had been completed within
the contract time. *Held*, the appellate court will not review
it since there was evidence tending to support the finding.

Error to Buchanan Circuit Court.—*Hon. A. M. Wood-
son*, Judge.

AFFIRMED.

*James F. Pitt* for plaintiff in error.

(1) The petition for the work having been signed
for 761 feet only, the total frontage being 1,683 feet,
was insufficient for any purpose under section 5661,
Revised Statutes 1899; the law in force at the time of
the passage of the ordinance directing the improve-
ment. (2) The Act of 1899 (Laws 1889, p. 79), which
amends and supersedes sections 1404 and 1426, Revised
Statutes 1889, relating to cities of the second class, was
passed without an emergency clause, and went into ef-
fect August 20, 1899. It thereafter passed into the re-
vision of 1899 as section 5661. This ordinance direct-

ing the work in controversy was approved October 18, 1899, after the Act of 1899, locally known as the Haynes law, had gone into effect, and yet all the proceedings had in respect to the proposed improvement were had and conducted as though the old law regulating proceedings upon a petition was still in force. The case was tried upon that theory by the plaintiff, and the court allowed and based plaintiff's right to recover upon a state of facts conformable to the old law; and, as defendant contends, in total disregard of the new statute. (3) The engineer's notice to contractors was insufficient for being published on Sunday. Neither public morals nor policy in this State, nor any statute under its authority requires or permits an officer to perform his duties on that day, and the court erred in refusing to allow defendant to show that the engineer had directed the same work to be done on Sunday as on any other day after the first insertion. Roth v. Hax, 68 Mo. App. 283. (4) By the contractor's own showing the work was not done in time. Heman v. Gillian, (Mo.) 71 S. W. 163.

*Graham & Fulkerson* for defendant in error.

(1) We deny that the amended section 5661 amended anything except what it purported on its face to amend, to-wit, what was formerly section 1404, R. S. 1889. The Act of 1899, page 79, amending section 1404 (1889), refers to no other section on which it is operate or which it is intended to affect. Repeals by implication are not favored. State ex rel. v. Slover, 134 Mo. 10; Manker v. Falhaber, 94 Mo. 430; McVey v. McVey, 51 Mo. 406; St. Louis v. Ins. Co., 47 Mo. 146; State v. Morrow, 26 Mo. 141; State v. Walbridge, 119 Mo. 383; State v. Dely, 49 Mo. App. 184; Sutherland Stat. Const., sec. 327; Sales v. Pav. Co., 166 Mo. 671; State ex rel. Folk v. Spencer, 164 Mo. 48; Ex parte Joffee, 46 Mo. App. 360. (2) But whether there was a Monday morning issue

of the paper or not, the publication in this case was all that the law required. Revised Statutes 1899, section 5683; Elliott on Roads and Streets (2 Ed.), sec. 594. (3) The fourth point made, that the work was not completed in the time required is without merit. This was a question of fact submitted to the court, sitting as a jury, and its finding was conclusive. Temple v. Railway, 83 Mo. App. 64; Colyer v. Railroad, 93 Mo. App. 147; Plow Co. v. Sullivan, 158 Mo. 440; Bozarth v. Legion of Honor, 95 Mo. App. 564; Williams v. Strout, 168 Mo. 346; Paul v. Machine Co. 87 Mo. App. 647; section 5664, R. S. 1899.

BROADDUS J.—This suit is to enforce the collection of a certain taxbill for street improvements in the city of St. Joseph. The defense was, first, that the petition for the work was insufficient; second, that the proceedings of the council in the enactment of the ordinance providing for the work were illegal and void; third, that the engineer failed to advertise for bids, as required by the ordinance; fourth, that the work was not performed within the time required by the contract.

Section 5683, Revised Statutes, among other things provides: "When a petition has been signed the same may be published for five days in some newspaper printed in the city, and thereafter the common council shall hear and decide on all objections thereto, if any. If the common council shall, 'in the ordinance, cause to be done the work petitioned for, find and declare that the work has been petitioned for, and the petition published according to law, such finding and declaration shall be conclusive for all purposes; and no special taxbills shall be invalid or be affected by any defect in or objection to the petition." The common council of the city by its ordinance duly passed, found and declared that the property-holders owning a majority in front feet of the property fronting on the street proposed to

be improved had petitioned the council to have the improvements made and that the petition had been duly published according to law.

The defendant introduced evidence tending to show that the recitation of the petition that a majority of the resident property-owners fronting on the street improved did not sign the petition and that the same was not published according to law. She contends that said section 5683 making the recitations in the ordinance that the work had been petitioned for and the petition had been published according to law, stood repealed by section 5661 of said statutes. But that section does not in our opinion repeal the former. It seems to be in the nature of an enabling act. The two are not in conflict. They were enacted to meet different conditions. The object of the first is to provide for street improvements upon the petition of property-owners; the other to provide for street improvements in certain cases without such petition.

The ordinance of the city in reference to engineer's notice to contractors is as follows: "That the city engineer is hereby ordered to advertise for five days for proposals for doing the work ordered in this ordinance." The publication of said engineer's notice in the official paper of the council was had on the following days: Saturday, October 21, 1899; Sunday, October 22; Tuesday, the twenty-fourth; Wednesday, the twenty-fifth; and Thursday, the twenty-sixth. Omitting one day, Monday. It is claimed that this was not a compliance with the ordinance. Literally, it was. The ordinance does not require that the publication shall be consecutive. In that respect it is somewhat indefinite. We do not feel at liberty to declare the proceedings void for the reason urged, as there was at least a substantial compliance with the ordinance.

Lastly, defendant contends that the work was not completed within the time required by the contract. But the court found that it had been and there was evi-

dence to support the finding; and the action of the court as to such finding is conclusive upon this court.

Cause affirmed. All concur.