## Corydon Deposit Bank v. Ada McClure, et al.

(Decided January 10, 1911.)

### Appeal from Henderson Circuit Court.

Banks and Banking—Stockholders—Transfer of Stock—Inconsistent Holdings—A by-law of a Kentucky State Bank which provides that "its stock shall only be transferred at its office in Corydon in person or by attorney in fact, and such transfer shall be made on the books of the bank, and no such transfer shall be made while the holder is indebted to the bank to the prejudice of the lien held by the bank to secure such indebtedness," is inconsistent with section 581 Ky. Statutes, which provides that "No bank shall take as security for any loan, or discount a lien upon any part of its capital stock, and the same surety both in kind and amount subject to the provisions of section 583 shall be required from persons, stockholders; nor shall any bank be the holder or pur-

vol. 141—31

chaser of any part of its capital stock unless such purchase shall be necessary to prevent loss upon a debt previously contracted in good faith, and stock so purchased shall in no case be held by the bank for a longer time then one year; nor shall any person directly or indirectly, hold or own more than one-half of the capital stock of a bank exclusive of stock held as collateral."

VANCE & HEILBRONNER for appellant.

YEAMAN & YEAMAN and THOMAS E. WARD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

Mary H. McClure held five shares of stock in the Corydon Deposit Bank. She died and her executor assigned the certificate to Ada McClure in settlement of a debt she had against the estate. Ada McClure assigned it to the Henderson County Savings Bank in payment of a debt she owed it. The Savings Bank applied to the Corydon Deposit Bank to issue to it five shares of stock in lieu of the certificate which stood in the name of Mary H. McClure. The bank had adopted this by-law:

"The stock of this bank shall be only transferred at its office in Corydon in person or by attorney in fact and such transfer shall be entered on the books of the bank. No such transfer shall be made while the holder is indebted to the bank, to the prejudice of the lien held by the bank to secure such indebtedness."

The bank held a debt against Mary H. McClure for more than the value of the stock, and refused to make the transfer claiming that it had a lien on the stock for its debt, which had originated in this way: The bank had lent to H. D. McClure a certain sum of money, for which he had given the bank his note, with Mary H. McClure as surety in the note. He had failed to pay the note, and the estate of Mary H. McClure was insolvent. The bank is a Kentucky corporation formed under the Kentucky Statutes. Section 581, Kentucky Statutes, provides:

"No bank shall take as security for any loan, or discount a lien upon any part of its capital stock, and the same surety, both in kind and amount, subject to the provisions of section 583, shall be required from persons, stockholders and those not stockholders; nor shall any bank be the holder or purchaser of any part of its capital stock, unless such purchase shall be necessary to

prevent loss upon a debt previously contracted in good faith; and stock so purchased shall in no case be held by the bank for a longer time than one year; nor shall any person, directly or indirectly, hold or own more than one-half of the capital stock of a bank exclusive of stock held as collateral."

The circuit court held that the by-law of the bank was inconsistent with the statute and therefore invalid. A judgment having been entered in favor of the Henderson County Savings Bank, the Corydon Deposit Bank appeals.

Our statute above quoted is taken from the United States National Bank Act. Under that act it has been held by the United States Supreme Court that a by-law such as that we have quoted, was inoperative because inconsistent with the statute. (First National Bank v. Lanier, 11 Wall., 369, Bullard v. National Eagle Bank, 18 Wall., 594.) The same conclusion was reached by the Court of Appeals of NewYork in Buffalo German Insurance Co. v. Third National Bank of Buffalo, 48 L. R. A., 107. It is true that the bank here did not lend the money to Mary McClure upon the security of her stock. But if it could by by-law create a lien upon the stock of every stockholder who was indebted to the bank, then all its loans to stockholders notwithstanding the statute, would be loans upon the security of the stock held by them in the bank; for no transfer of the stock could be made until the debt was paid.

We, therefore, conclude that the by-law is inconsistent with the statute and is invalid. The record sufficiently shows that all the title which Mary H. McClure had to the stock has passed to the Henderson County Savings Bank; and the by-law relied on being invalid, the circuit court did not err in adjudging a transfer of the stock on the books of the Corydon Deposit Bank.

In Bank of Kentucky v. Bonnie Bros., 102 Ky., 343, under the charter of the bank enacted by the Legislature, it was given a lien on the stock to secure any debt of the stockholder; but there is a difference between a charter provision to this effect and a by-law; the bank can pass no by-law inconsistent with the statute. (Ky. Statutes, section 542.)

Judgment affirmed.