### Bryant, et al. v. Lang, County Judge, et al.

(Decided January 30, 1923.)

## Appeal from McCracken Circuit Court.

1. Municipal Corporations—Adoption or Abandonment of Commission Form of Government—Notice of Election.—The adoption or abandonment of the commission form of government by a city of the second class must be effected by the same method, viz.: a submission of the question to the decision of the legal voters of the city at an election ordered by the judge of the county court and held on the day of the regular election, as provided by Kentucky Statutes (edition 1922), sections 3235c and 3235c-29, the first applying to the adoption, the second to the abandonment of such form of government, but each prescribing the same method of ordering, advertising and holding the election.

2. Municipal Corporations—Adoption or Abandonment of Commission Form of Government—Notice of Election—Publication in Newspaper.—While a mandatory provision of each of the sections, *supra*, makes it the duty of the sheriff, after receiving of the county clerk a certified copy of the order of election, to cause it to be published "in some weekly or daily newspaper, published or circulated in said county, *for at least two weeks before the election*," his having it published in a daily newspaper of the county, beginning two weeks before the election and continuing in every subsequent daily issue of such newspaper down to the election, will be treated as a substantial compliance with the requirement of the statute regarding newspaper publication of the order and notice of election, although the newspaper making the publication was never accustomed to issue on Monday, and did not do so on two Mondays included in the two weeks preceding the election.

MOCQUOT, BERRY & REED for appellants.

EATON & BOYD, NICHOLS & NICHOLS and F. E. GRAVES for appellees.

Opinion of the Court by Judge Settle—Affirming.

Since some time in the year 1918 Paducah, a municipal corporation, made by legislative enactment a city of the second class, has, as permitted by the laws of this state, been conducting its municipal government, business and affairs under what is known as the "commission form of government." At the regular election held November 7, 1922, however, there was submitted by an order of the McCracken county court to the determination of the voters of the city the question as to whether or not it should abandon the commission form of government. The election resulted in favor of the abandonment of that system, 2,510 votes being cast for and 828 against its abandonment.

Following the canvass, certification and return of the ballots and votes by the officers of the election, this action was instituted in the McCracken circuit court by the appellants (plaintiffs in the court below), Z. T. Bryant and Mel Byrd, resident citizens and taxpayers of the city of Paducah, against the appellees (defendants in the court below), James M. Lang, judge, and John W. Polk, clerk of the McCracken county court, attacking the legality of the election and seeking to enjoin the appellee, Lang, as county judge, from directing the entering of record in the county court of an order declaring the result of the election, and the appellee, Polk, as clerk of that court, from entering such order, or by means of a copy thereof or otherwise certifying the result of the election to the clerk of the city of Paducah. Upon the filing of the petition the circuit court, on the appellants' motion and following their execution of the necessary bond, issued a temporary restraining order against the appellees staying any action on their part in the matter of entering the order declaring the result of the election and certifying the same to the city clerk, until a later date fixed by the court for the appellants to make a formal application for the injunction prayed in their petition. When that time arrived the appellees filed a demurrer to the petition as then amended and, without waiving same, also filed an answer traversing all the averments of the petition, as amended, setting forth the appellants' grounds of attack upon the validity of the election; and after the filing by the parties of a written statement of facts upon which they had mutually agreed, the case was submitted to the court upon the appellants' motion for an injunction, the appellees' motion to

dissolve the temporary restraining order previously granted, and also upon the pleadings and agreed facts for a trial and final decision and judgment upon the merits. Thereupon the court dissolved the temporary restraining order, overruled the appellants' motion for an injunction and dismissed their petition, thereby sustaining the legality of the election in question. The latter complain of the judgment entered in pursuance of those rulings; hence, the present appeal.

The entire evidence heard in the court below is contained in the agreed statement of facts found in the record, from which it is apparent that the only question in dispute between the parties in that court and now on the appeal, is as to whether there was prior to the election, such newspaper publication of the order of the county court calling the election as was required by the statute. It is insisted by the appellants that the newspaper publication as made did not comply with the provisions of the statute and that in holding to the contrary, the circuit court committed reversible error; while the appellees maintain that such publication fully met the requirements of the statute and, consequently, that the ruling of the circuit court to that effect was free of error.

The entire law of this state, as originally enacted and subsequently amended by the legislature, providing both for the adoption and abandonment of the commission form of government by cities of the second class, is contained in Carroll's Kentucky Statutes (edition 1922), subdivision 13, sections 3235c-1 to 3235d, inclusive; from which it will be seen that both the adoption and abandonment of such form of government by the city must be effected by the same means, viz., a submission of the question to the decision of the legal voters of the municipality as expressed by ballot at an election to be called and held in the manner prescribed by sections 3235c-3 and 3235c-29 of the statutes, the first applying to an election respecting the adoption, and the second to an election respecting the abandonment of the commission form of government, but each containing the same provisions as to the manner of calling and holding the election.

Section 3235c-29, *supra*, entitled: "Termination of government," etc., after providing that whenever the citizens of a city which has been organized and conducted not less than four years under the commission form of government, shall desire to terminate such government, and shall have filed with the county judge written peti-

tions signed by such number of legal voters of the city as will equal thirty-three and one-third per cent of the votes cast in the city at the last preceding general election, further provides that the judge of the county court at the next regular term of his court after receiving the petitions, shall "enter an order on his order book, directing an election to be held in said city at the next regular election and not earlier than thirty days after said application is lodged with said judge, which order shall direct the sheriff or other officers of said county who may be appointed to hold said election to open the polls at each and all voting places in said city for the purpose of taking the sense of the qualified voters of said city upon the question as to whether or not the citizens of said city are in favor of the abandonment of the organization and government of said city under the provisions of this act. . . . "

Following the foregoing provisions of the section are others prescribing the form of the question to be voted on, making it the duty of the county clerk to deliver to the sheriff, within five days after it is made, a certified copy of the order of the county court calling the election, and imposing upon the sheriff certain duties to be performed after receiving of the clerk the order, which duties are defined as follows:

"And it shall be the duty of said sheriff, or other such officer, to have such order published in some weekly or daily newspaper published or circulated in said county, for at least two weeks before the election, and also to advertise the same by printed or written hand bills posted in conspicuous places in said city, for the same length of time. If there is no weekly or daily newspaper published in said city, or the proprietor of such paper refuses to publish the said notice, the printed or written hand bills provided for, shall be sufficient notice. The sheriff, or other such officer, shall have the advertisements and notices herein provided for, posted as herein required, within seven days after he receives the order of the county court. . . . "

It is not alleged in the petition that the county judge of McCracken county acted without authority in the matter of ordering the election in question; that the order therefor did not submit in proper form to the voters the proposition to be determined by their votes, or that in form or substance it failed, in any particular, to comply with the requirements of the statute, *supra*. Nor is it al-

leged that the clerk of the county court failed, in any respect, to perform his duties of entering of record the order for the election and delivering a certified copy thereof to the sheriff in the time and manner directed by the statute. It may, therefore, safely be assumed, though not so specified in the agreed statement of facts, that it is conceded, if not actually admitted, by the appellants that all the proceedings in regard to the holding of the election that were had before and down to the delivery to the sheriff by the clerk of the certified copy of the order calling it, were regular and in accordance with the requirements of the statute, *supra.*

As it is agreed in the statement of facts appearing in the record that the election was advertised by printed hand bills, conspicuously posted in each voting precinct of the city for the length of time and in the manner required by the statute, the single question submitted to us for determination is, whether there was such newspaper publication of the order of the county court calling the election as met the requirements of the statute. As we have already seen, section 3235c-29 of the statute, *supra,* made it the duty of the sheriff after receiving the order of the county court, which of itself constituted the call for and notice of the election, to have "it published in some weekly or daily newspaper, published or circulated in said county, for at least two weeks before the election; and also to advertise the same by printed or written hand bills posted in conspicuous places in said city for the same length of time; . . . " and it is agreed in the statement of facts filed that publication of the order of the McCracken county court calling the election was made by the sheriff in the News-Democrat, a daily newspaper then and for many years previously published in the city of Paducah and McCracken county, and having a general circulation in that city, county and a large adjacent territory; and, furthermore, that the News-Democrat is published and issued in the morning of each day of the week, except Monday.

It is also agreed in the statement of facts that the first publication of the order and notice of the election in the News-Democrat, appeared in its daily issue of Tuesday, October 24, 1922, two weeks before the day of the election, and that this publication was followed by its like publication in each daily issue of the newspaper made thereafter down to and including the day of the election. More precisely stated, the publication was made in each

issue of the daily News-Democrat published on the following days, viz.: October 24th, 25th, 26th, 27th, 28th, 29th and 31st, respectively; and also on November 1st, 2nd, 3rd, 4th, 5th and 7th, respectively. It will be observed from the foregoing statement that the publication in question was not made on Monday, October 30th, nor on Monday, November 6th, because the News-Democrat was not published on either of those days and has never been published on Monday of any week.

It is insisted by counsel for appellants that notwithstanding the latter agreed fact and the further agreed fact that the notice of the election appeared in every other daily issue of that newspaper beginning on October 24th, and ending November 7th, the day of the election, its failure to publish it on the two Mondays referred to invalidated the election. While we agree with counsel as to the mandatory character of the statute respecting the advertisement required of the election, our examination of the authorities cited by them in support of the above contention fails to convince us of their applicability to the controlling facts presented by the case at bar.

In Central Construction Co. v. City of Lexington, 162 Ky. 286, one of the cases relied on, the sufficiency of a newspaper publication of the notice of an election to authorize a bond issue was involved, the statute requiring such publication "for at least two weeks just preceding the election." The election was held invalid because of the insufficiency of the publication of the notice which, in contemplation of the statute, did not first appear in the newspaper, a daily, "two weeks before the election" and was in fact only published therein on each of the nine days immediately preceding and including the day of the election. In the opinion it is in part, said:

"Whether the provision of the act, *supra,* requiring it (the ordinance constituting notice of the election) to be published for 'at least two weeks just preceding the election,' be construed to mean each of the two weeks, running from Sunday to Saturday, inclusive, next preceding the week in which the election was held, or fourteen days just preceding the election and including the day thereof, under neither computation can it be made to appear that there was a publication of the ordinance for at least two weeks just preceding the election. The act does not require a daily publication of the ordinance for two weeks just preceding the election; therefore, it would seem that its publication once in each of the two

weeks in a weekly newspaper would be sufficient, if made once in each of the two weeks just preceding the election; but, according to the admitted facts, even this was not done by the appellee."

In Hatfield v. City of Covington, 177 Ky. 174, another case cited for appellants, involving the same question decided in the case, *supra,* the bond election was also held invalid because of the insufficiency of the newspaper publication of the notice of the election, as there were three daily issues of the paper, vix., on each of the days, Friday, Saturday and Monday just preceding the election, none of which contained any publication of the notice of the election. The court's reasons for thus holding appear in the following excerpt from the opinion:

"Accordingly the notices appearing in every issue of a daily newspaper during the prescribed period is sufficient. Etie v. Code, 4 La. 383. If no paper is published upon some of the days, as is customary in certain localities with respect to Monday and holidays, the notice is not invalidated thereby. Moore v. Malla Walla, (C. C.) 60 Fed, 961; Cal. Impro. Co. v. Reynolds, 123 Cal. 88, 55 Pac. 802; Richter v. Harper, 95 Mich. 221, 54 N. W. 768; Carpenter v. St. Paul, 23 Minn. 233; Roth v. Farsee, 107 Mo. App. 471, 815 W. 913; Galveston v. Heard, 54 Texas 420; Bowles v. Braner, 89 Va. 466, 16 S. E. 356. And, as Sunday is not a juridical day, a publication on that day will neither aid nor detract from the validity of the publication. Ormsby v. City of Louisville, 79 Ky. 197. Our conclusion is, that the statute calls for a continuous publication of the notice in every issue of the official newspaper published during the prescribed period, except those published on Sunday."

In Katterjohn, Mayor v. Kelley, 191 Ky. 238, also cited for appellants, it was held that a newspaper publication of the notice of an election respecting a bond issue, was fatally defective. The publication of the notice in that case, as in this, was made in the Paducah News-Democrat, which then, as now, was issued on every day of each week, except Monday, though the fact that it was never issued on Monday of any week, was not shown by the record in that case. So, evidently, the omission from the record of a showing of this fact, together with its failure to show that there was no publication of the notice by the newspaper on two Mondays embraced in the two weeks preceding the election, naturally led the court to assume that the newspaper was issued on those Mon-

days without publishing the notice of the election; hence, for that reason the election was declared invalid.

In the later case of King v. Katterjohn, 193 Ky. 359, this court again considered the same question, and in its construction of the statute arrived at a different conclusion. In that opinion it is, in part, said:

"It has heretofore been held that the provision of the statute, *supra,* which provides for a publication of the ordinances, where an official newspaper exists, 'for at least two weeks just preceding the election,' means a publication of the ordinance in every issue of the paper during the prescribed period, except upon Sundays, but if there is a day during the period upon which the paper is not accustomed to be published, the omission of the publication upon that day does not invalidate the requisite publication. Hatfield v. City of Covington, 177 Ky. 124, 197 S. W. 535. Sunday is not a juridical day and its publication upon that day neither adds to nor takes from the validity of the ordinance. Ormsby v. Louisville, 79 Ky. 197. It is admitted, however, that the official newspaper for the city of Paducah is published every day in the week, except Monday, but on that day it is not published; hence in this case, however the term 'for at least two weeks just preceding the election' is calculated, the publication was a substantial compliance with the statute, having been published in every issue of the official newspaper during the prescribed period."

It will be discovered that the statute applicable to cities of the second class construed in the several cases, *supra,* contains substantially the same provisions with respect to the manner of ordering, advertising and holding the elections therein authorized that are found in section 3235c-29, Kentucky Statutes, under which the election involved in this case was held, except that in the latter the words "just preceding the election" do not appear as in the former; nor does it contain as does the former, any requirement that the newspaper in which the election is advertised shall be the official newspaper of the city. Its only requirement in regard to the advertisement of the election is, that it shall be the duty of the sheriff to have the order of election "published in *some weekly or daily newspaper* published or circulated in said county, *for at least two weeks before the election;* also to advertise the same by printed or written hand bills posted in conspicuous places in said city, for the same length of time."

As the words "two weeks" must mean two consecutive periods of seven days each beginning with any day, and the word "for" should be given the meaning of the word "during," as held in Hatfield v. City of Covington, *supra,* the two weeks before the election required for publication of the notice thereof can be definitely fixed by dating backward from the election and including the six preceding days in November and the last eight days in October. And as it is admitted in the petition and also in the agreed statement of facts, that the first newspaper publication of the order and notice of the election in question in this case, appeared in the News-Democrat, published October 24, 1922, which was precisely two weeks before the election, and also appeared in every subsequent issue of that newspaper during the two weeks, it is our conclusion that the newspaper publication of the order and notice of the election, together with its admittedly complete advertisement by the posting of the printed hand bills, constituted, not only a substantial, but also a full compliance with the requirements of the statute. Wherefore the judgment of the circuit court, sustaining the validity of the election, is affirmed.