FREDERICK H. HENDEY, PROSECUTOR, v. FRANK I. ACKERMAN, SUPERVISOR OF THE BUREAU OF BUILDINGS OF THE CITY OF PASSAIC, THE BOARD OF ADJUSTMENT OF THE CITY OF PASSAIC AND LOUIS KESSLER, RESPONDENTS.

Submitted January 28, 1927—Decided March 24, 1927.

1. Where a board of adjustment of a municipality, constituted under chapter 146 of the laws of 1924 and the several amendments and supplements thereto (commonly called the zoning laws), is wholly without jurisdiction to hear an appeal from the supervisor of building's refusal of a building permit, the limitation of a review, by *certiorari*, to thirty days after the board's decision, is wholly inapplicable to curtail the power of review by the Supreme Court.

2. It is the undoubted purpose of the statutes creating boards of adjustment in municipalities, to make them *quasi*-judicial bodies, and that they should proceed in a judicial manner to pass upon and render judgment in those matters which, by statute, they are given jurisdiction; and a proceeding which lacks every recognized element of a judicial inquiry and adjudication, will be set aside.

3. Boards of adjustment of municipalities created under chapter 146 of the laws of 1924, and its supplements and amendments, have jurisdiction only to hear appeals on that class of municipal legislation commonly known as zoning, but have no jurisdiction of matters arising under the building codes of municipalities, unless such codes attempt to legislate in the manner provided by such zoning statutes, and then only so far as such codes legislate in that direction.

---

On *certiorari.*

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *Weinberger & Weinberger.*

For the respondent Louis Kessler, *Feder & Rinzler.*

The opinion of the court was delivered by

CAMPBELL, J.   The respondent, Kessler, made application to the supervisor of buildings of the city of Passaic for a permit to erect a one-story building on premises known as 54 and 56 Prospect street.   Such building was to be used as a place in which to manufacture womens dresses.   There may be some question as to when this application was made. The application returned under this writ bears date July 6th, 1926.   On July 13th, 1926, the supervisor of buildings refused to issue the permit.   His refusal was in writing, addressed to Kessler as follows:

"Your application for building permit is hereby refused, for the reason that the plans, as drawn, do not conform to the requirements of the city ordinances, as follows:

"1. The location does not permit the erection of a structure of the classification above mentioned.

"2. Yards and court do not conform to the requirements of the city ordinance for light and ventilation.

"3. Class of construction does not conform to the requirements of the building ordinance.

"4. Plans do not conform to requirements as to walls, floors or roof."

An appeal from this finding and refusal is said to have been taken to the board of adjustment.

From the minutes of the board of adjustment the following appears:

On July 5th, 1926, Joseph Feder, attorney for Kessler, requested information as to the appeal of Kessler and was advised that there was nothing before the board, but the chairman of the board ruled that "in order that Mr. Feder's client might not be held up an informal appeal would be accepted."   A written appeal was then prepared and the chairman appointed three members of the board as a committee of inspection.

July 15th, 1926, the appeal was considered.   Mr. Feder (attorney for Kessler) stated that a part of the plot was in

a business district. "Mr. King, chairman of the committee on inspection, reported that he had been unable to make inspection and suggested that the matter be postponed. As there were no objectors, and the map showed this property connecting with business property on Exchange Place, on a motion made by Mr. King, seconded by Mr. Orre, the appeal was approved."

On September 13th, 1926, a communication from the city commissioners was read, requesting a reconsideration of the appeal. A petition from property owners in the neighborhood, objecting to the granting of the permit, was also read. A motion to reconsider was made and seconded and the chairman of the board refused to entertain it. The city attorney advised the board that it would be legal to rehear the appeal as new evidence was to be introduced. The chairman of the board directed that the matter be adjourned for one week.

On September 20th, 1926, the matter was again taken up, and upon being informed that a rule to show cause had been allowed why a *mandamus* should not issue compelling the supervisor of buildings to issue the permit, no further proceedings were taken upon the appeal.

The *mandamus* proceeding, just referred to, was cause No. 255, October, 1926 term, of this court. The rule to show cause therein was allowed September 20th, 1926. The present writ of *certiorari* is dated November 5th, 1926, and brings up for review the proceedings upon appeal, before referred to, had before the board of adjustment. A consideration and determination in the *mandamus* proceeding has been withheld and postponed until a hearing and disposition of these proceedings on *certiorari*.

At the outset it will be well to dispose of an objection, rather strenuously urged by the respondent, that the prosecutor is not entitled to have a review of these proceedings upon appeal because the allowance of the writ of *certiorari* was untimely.

It is urged that when the *allocatur* to the present writ was awarded on November 5th, 1926, more than thirty days having elapsed since the finding of the board of adjustment

on July 15th, 1926, the following provision of *Pamph. L.* 1925, *p.* 177, § 3, prohibited such allowance, namely:

"No writ of *certiorari* to review any decision of the board of adjustment shall issue unless application therefor be made within thirty days after the filing of the decision in the office of the board."

At the time of these proceedings, section 2 (*Pamph. L.* 1926, *p.* 526), and not section 3 (*Pamph. L.* 1925, *p.* 177), *supra,* was applicable, but this is of no particular consequence.

Section 7 (*Pamph. L.* 1925, *p.* 178) provides: "The board of adjustment shall fix a reasonable time for the hearing of the appeal, giving due notice to the parties in interest * * *."

It is admitted that no notice of any character was given by the board of adjustment of its meeting of July 15th, 1926, and the return is barren of any showing that the board fixed July 15th, 1926, as the time when it would hear the appeal.

The board of adjustment was therefore utterly without jurisdiction to hear and pass upon the appeal.

In such a case the statute of limitation of the character sought to be invoked by the respondent are ineffective and cannot be used to curtail the power of review by this court. *Traphagan* v. *West Hoboken,* 39 *N. J. L.* 232; *affirmed,* 40 *Id.* 193; *Pardee* v. *Perth Amboy,* 57 *Id.* 106; *United, &c., Railroad Co.* v. *Gummere,* 69 *Id.* 111; *Bounds* v. *Chester Township,* 89 *Id.* 375.

This brings us to a consideration of the reasons advanced by the prosecutor why the proceedings and judgment of the board of adjustment should be set aside.

The first is that the board was without jurisdiction to hear the appeal and grant the permit because no notice of hearing was given.

This has already been considered upon respondent's contention that the writ was improvidently issued with the result that we have and do find that the board was without any jurisdiction to hear and dispose of the matter.

This alone is sufficient to dispose of the matter and require a setting aside of the proceedings and judgment.

We think it wise, however, to consider two other grounds.

The one is that the board had nothing before it upon which it could adjudicate.

There was no testimony taken, nor even a report of the committee on inspection made, except that the chairman of that committee reported that he had not examined the property. It is the undoubted purpose of the statutes, creating boards of adjustment, to make them *quasi*-judicial bodies, and that they are to proceed in a judicial manner to pass upon and render judgment in those matters which, by statute, they are given jurisdiction over. The proceedings before us lacked every recognized element of judicial inquiry and adjudication.

The other of these two grounds is that the jurisdiction of the board of adjustment extended only to matters arising under the zoning ordinance of the city and not to matters arising under the building code.

This objection, if sound, is of value in attacking the proceeding under review, only, if the finding or judgment of the board can be said to be a reversal of the findings of the supervisor of buildings that the plans of the proposed building violated provisions of the building code. That seems to be the effect which we are asked to give it because it is the sole ground urged, under the *mandamus* proceedings, before referred to.

It will be noted that the reasons for refusing the permit, given by the supervisor of buildings in his letter of July 13th, 1926, hereinbefore quoted in full, are twofold in character. Reasons one and two are based upon the provisions and restrictions of the zoning ordinance and three and four upon violations of the building code.

An examination of chapter 146 (*Pamph. L.* 1924, *p.* 324) entitled "A supplement to an act entitled 'An act concerning municipalities,' approved March 27th, 1917, 'its amendment (*Pamph. L.* 1925, *p.* 177) and its supplement (*Pamph. L.* 1926, *p.* 526) will show a clear power to create boards of adjustment and clothe them with jurisdiction only with reference to that class of municipal legislation in such statutes provided for, namely, that now generally and commonly known as zoning.' "

The powers of such boards extend no further than this. They have no jurisdiction over matters arising under building codes, unless such codes attempt to legislate in the manner provided for under the zoning statutes, before referred to, and then their jurisdiction extends only so far as such codes legislate in that direction.

Our attention has been directed to *Burg et al.* v. *Ackerman,* 5 *N. J. Adv. R.* 96, as a holding to the contrary. But this is not so. In that case the refusal to issue the permit was based solely upon the ground that the use to which the building was proposed to be put would be in violation of the provisions of the zoning ordinance. No infraction or violation of the building code was urged or suggested. Any contrary statement of facts in the opinion is incorrect.

In the proceedings under review, therefore, the board of adjustment had jurisdiction over such matters only as arose under the zoning ordinance and its finding, if good in fact and in law, would have extended only that far.

The proceedings under review are therefore set aside.