ELLSWORTH SMITH, PROSECUTOR, v. KEARNY ZONING BOARD OF APPEALS ET AL., RESPONDENTS.

Submitted May term, 1928—Decided October 2, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Conover English.*

For the respondents, *Charles M. Myers.*

PER CURIAM.

This writ brings up for review a judgment of the zoning board of appeals of Kearny reversing a finding of the superintendent of buildings.

The present contest is being carried on solely by the prosecutor, a landowner, whose property is affected by the judgment and the owners of the property benefited by such judgment, the board of appeals and the governing body of Kearny taking no part in the litigation.

The facts are not in dispute.

By an application dated March 22d, 1928, Feinsmith and Edelstein applied to the superintendent of buildings for a permit to erect a four-story brick apartment house to house twenty-six families, on premises 58-62 Seeley avenue. Such permit was refused upon the ground that the lands were located in a district restricted to one-family residences under a zoning ordinance of July 12th, 1922. The owners then, by written appeal, dated March 27th, 1928, and on that day served on the superintendent of buildings, appealed from the decision of that officer to the zoning board of appeals. This appeal was received by such board April 12th, 1928, and a public hearing was fixed for April 24th, 1928, and notice thereof was ordered given. Such notice was published in two newspapers.

The matter came on to be heard by such board on April 24th, 1928, and the minutes of such meeting show the following action and proceedings:

"Arthur Archibald appeared to represent Feinsmith and Edelstein. Mr. Faucett, 78 Rutherford Place; John Scott, 80 Rutherford Place; Mr. Link, 73 Rutherford Place; Mr. Guttman, 82 Seeley avenue; F. H. Law, 56 Seeley avenue; Mr. Smith, 66 Seeley avenue, and Mr. Schrieber, of 70 Seeley avenue, appeared before the board to protest against the erection of this building. After hearing both sides a recess was called. Upon resuming the meeting, upon a motion by Gargan, seconded by Mr. Swanton, the permit granted; three votes in the affirmative and two in the negative. Mr. Seaman and Mr. Benson voting in the negative. There was no testimony taken under oath."

Paragraph 8 of the stipulation of facts (page 7, state of case) is as follows:

"On April 24th, 1928, the application of the owners of their appeal came before the Kearny zoning board of appeals. In

the proceedings before the said board no testimony was taken under oath. A statement on behalf of the owners was made by their attorney, and a number of citizens were present and protested against the application. Among those who were present and protested was the prosecutor, Smith, and one Frank H. Lau, whose affidavit was filed on the application for the writ. No report of any committee was filed. At the conclusion of the statements by the attorney and the objectors the board recessed and left the room, and upon returning to the room, by a vote of three to two granted the permit to the owners."

The superintendent of buildings thereupon immediately issued the permit. Notice of application for the present writ was served May 12th, 1928, and the writ allowed May 19th, 1928. In the meantime, from the granting of the permit to the notice of the application for the writ, the owners had expended upward of $2,500 toward foundation work, &c., for the building.

Four reasons are advanced and urged why this proceeding and judgment should be set aside.

1. The proceedings were void.

(a) Because the appeal did not specify the grounds of appeal.

This is true, but it does not appear that the prosecutor was in anywise harmed or prejudiced thereby.

(b) The hearing was not such as contemplated by law, because there were no proofs before the board upon which it could act or base its judgment.

The proceeding appears to have been in violation of what this court held in *Hendey* v. *Ackerman,* 5 *N. J. Adv. R.* 600; 136 *Atl. Rep.* 733, but we pass this point without further comment.

2. The zoning board of appeals as constituted April 24th, 1928, was an illegally constituted body, and its judgment was illegal and void.

This point brings forth the following situations: The zoning ordinance under which Kearny is operating was adopted July 12th, 1922, and was adopted under authority of chapter 82, *Pamph. L.* 1921, *p.* 132, such statute providing for ap-

pointment by the mayor of five members of a board of appeals. Section 21 of the zoning ordinance, following the statute, so provided, and the members of the board were so appointed.

This statute (chapter 82, *Pamph. L.* 1921) was repealed by chapter 146, *Pamph. L.* 1924, *p.* 324, which provided for a board of adjustment to be appointed by the governing body or board of public works.

The first contention of the prosecutor under this point is that the act of 1924 abolished the board of appeals then in existence, and as Kearny never amended or changed its ordinance, nor made any appointment of a board of adjustment, there was no legal body or board to which the appeal in question could be taken.

An examination of the acts of 1921 and 1924, *supra,* causes us to conclude that the point is well taken, and that the zoning board of appeals, whose judgment is here under review, had no legal existence after the statute of 1924, *supra,* went into effect.

The result, therefore, is that all proceedings upon the appeal and the resulting judgment now under review are nullities and have no legal effect or status, and must therefore be set aside and reversed.

An examination of the acts of 1921 and 1924 and the ordinance of 1922, all *supra,* discloses that the board of appeals of Kearny, aside from being a legally non-existing body, had no such power, as it attempted to exercise with respect to the matter before it. For that reason, also, the proceedings and judgment under review must be set aside.

Further, the act of 1924, *supra,* was repealed by chapter 274, *Pamph. L.* 1928, which again provides for the appointment of a board of adjustment by the governing body or board of public works, as did the act of 1924, but with the further provision that such board "shall consist of five members who shall not hold any elective office or position under the municipality."

This raises the question as to whether the act of 1928, which became effective April 3d, 1928, affected and was con-

trolling with respect to the proceedings now before us where the formal appeal is dated, and was served on the superintendent of buildings March 27th, 1928, and received and acted upon by the board of appeals April 12th, 1928.

Section 14 of the act of 1928 expressly repeals the before-mentioned act of 1924 (chapter 58, *Pamph. L.* 1925; chapter 315, *Pamph. L.* 1926, and chapter 203, *Pamph. L.* 1927), and expressly provides that any acts repealed by such acts so repealed shall not be revived or made valid.

Section 27 of the act of 1928 provides: "Whenever any municipality shall have adopted any ordinance or ordinances prior to the adoption of this act for any of the purposes set forth in this act, such ordinance or ordinances shall continue in effect as if they had been adopted under the provisions of this act, and it shall not be necessary in such cases for the governing body or board of public works to appoint a zoning commission as provided by section 6 herein. All such ordinances shall remain in full force and effect except in so far as they are inconsistent with the provisions of this act, until they shall have been amended or repealed by the governing body or board of public works."

It is apparent, therefore, that any and all ordinances remained effective, although based upon statutes repealed by this act of 1928 in so far as they were not in conflict with the provisions of such latter statute.

It seems to us perfectly clear, also, that if the zoning board of appeals, created by the Kearny ordinance of 1922, founded upon the act of 1921, did not lose its standing by the act of 1924 repealing the act of 1921, it did become defunct by the act of 1928, and again the proceedings before it and its judgment are without legal effect and value and must be set aside.

3. That the judgment in question is illegal, because it, in effect, permits a construction and use not provided for, but, on the contrary, prohibited by the ordinance, and such action is in violation of paragraphs 2 and 3 of section 9 of the act of 1928 in that the lands in question do not abut a district in which such a structure is permitted.

The respondents contend that the act of 1928 has no application to the proceedings in question.

We, however, are of a contrary opinion.

It must be kept in mind that after the adoption of the amendment to the constitution respecting zoning, the legislative effort was to make such constitutional provision effective and to protect the several municipalities in the benefits to be derived therefrom, and that such legislative effort was this act of 1928.

We think that but for paragraph 4 of section 9 of the act of 1928 there was no power in any board or body, however legally qualified, to act as expressed by the judgment before us, and that the zoning board of appeals made no effort or pretense of acting therunder, and, therefore, if a legally-constituted body, its proceedings and judgment were illegal and must be set aside.

Respondents urge that the foregoing requirements of the act were practically complied with, inasmuch as the governing body refused to adopt a resolution pledging itself to assist prosecutor in the present proceeding.

This is without substance or merit, and is far aside from the procedure laid down by paragraph 4 of section 9 of the act of 1928.

4. That the act of 1928 is controlling as to the proceedings before us.

This, as before indicated, we think is so.

The proceedings and judgment under review are set aside, with costs.