NATHAN KASTOVISKY, APPELLANT, v. JOHN D. CASTLES, INSPECTOR, ET AL., RESPONDENTS.

Submitted February 15, 1929—Decided October 14, 1929.

For the appellant, *Welanko & Strauss* and *Benjamin M. Weinberg.*

For the respondents, *Conover English.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Kastovisky, the relator in the court below, being the owner of a tract of land in the town of Kearny, located on the corner of Beech street and Laurel avenue, applied to the building inspector of that municpality on the 14th of September, 1926, for a permit to erect a twelve-family apartment house thereon, the building to be three stories in height and to be constructed of brick. The permit was refused by the inspector upon the ground that to grant it would be a violation of the zoning ordinance of the municipality, which provided that in the zone in which the relator's lot was located no building more than two and a half stories in height and accommodating more than two families should be located. Kastovisky then appealed to the Kearny board of appeals to review the action of the inspector and that board on September 28th, 1926, approved the latter's action. Thereupon Kastovisky applied to the Supreme Court for a writ of *mandamus* commanding the inspector and the town of Kearny to issue the permit applied for by him. An alternative writ was allowed by the Supreme Court and a hearing thereon having been had at the May term, 1927, that tribunal on the 19th of June, 1928, rendered its decision refusing to allow a peremptory writ. The present appeal is from the action of the Supreme Court denying the relief sought for by the relator.

At the hearing had before the Supreme Court two matters were presented by the relator for its consideration and determination. The first was as to the validity of the action of the body known as the board of appeals of Kearny in affirming the refusal of the building inspector to grant his application for the permit, his contention being that, by force of chapter 146 of the laws of 1924 (hereinafter more specifically referred to), the board, at the time when it considered and acted upon his application, had ceased to exist. The other matter presented was the validity of the action of the building inspector in refusing to grant the permit applied for by Kastovisky. The consideration of the Supreme Court on the first point led it to the conclusion that the Kearny board

of appeals was a legally constituted body at the time when the relator applied to it to review the action of the inspector. It further considered that even if the board was not at that time a legally constituted body the relator, having applied to it to review the inspector's action, had voluntarily submitted himself to its jurisdiction and for that reason could not be heard to contend that it had no legal existence. As a result of this conclusion the court held that the proper method for the relator to have pursued in the prosecution of his alleged right to have a permit issued to him was by applying for a writ of *certiorari* to review the decision of the board of appeals, and that he was not entitled to relief by *mandamus*.

The conclusion of the Supreme Court that at the time of the hearing before the board of appeals that body was a legally constituted one is directly opposed to the earlier decision of that tribunal in the case of *Smith* v. *Kearny Zoning Board of Appeals*, 143 *Atl. Rep.* 151, 152; 6 *N. J. Mis. R.* 954. In that case it was held that the zoning board of appeals had no legal existence after the statute of 1924 (*Pamph. L., p.* 324) creating a board of adjustment became effective. It was further held in that case that all proceedings had before that board, subsequent to its abolition by the statute, upon an appeal from a refusal of the building inspector to grant a permit were nullities and had no legal status.

We do not consider it necessary in the determination of this appeal to decide whether the view expressed by the Supreme Court in the present case or that expressed by it in the case cited is the sound one. And for this reason. Assuming, as it is contended before us by Kastovisky, the relator below, that the board of appeals was a non-existent body at the time the appeal to it was taken, and that its action on the appeal was therefore a nullity, the situation then presented is whether the Supreme Court should have issued a peremptory *mandamus* directed to the inspector of buildings commanding him to issue the permit applied for by the relator. The application for the permit was made and refused before the adoption of the constitutional amendment of 1927. The hearing before the Supreme Court in the

*mandamus* proceeding, however, was had subsequent to the adoption of that amendment but prior to the statute of 1928 (chapter 274), passed pursuant to the authority conferred by the amendment, which statute validated all pre-existing zoning ordinances. The decision of the court, however, was not rendered until subsequent to the enactment of that statute, and, in dealing with this phase of the case, it was held that the facts hereinbefore recited presented the same situation which was present in *Koplin* v. *Village of South Orange,* 142 *Atl. Rep.* 235; 6 *N. J. Mis. R.* 489, and that this decision was controlling upon it. The court in that case pointed out that the statute of 1928 was enacted pursuant to power conferred by the constitutional amendment; that the provision therein which rendered valid all pre-existing zoning ordinances was a constitutional exercise of legislative powers; and held that the zoning ordinance then under review being valid by force of this legislation at the time of the rendition of the decision of that case, the court, in the exercise of its discretion, would not award a peremptory writ directing the issuance of a building permit for the erection of an apartment house in a zoning district where such erection was prohibited by a zoning ordinance in existence at the time the permit was asked for, notwithstanding the fact that the applicaion for the permit was made to the building inspector prior to the adoption of the constitutional amendment and the ordinance, so far as it affected the rights of the relator in that case, was perhaps then invalid. The Koplin case was before this court on appeal and was affirmed for the reasons stated in the opinion delivered by the Supreme Court. 105 *N. J. L.* 492. We concur in the view of the court below that the facts in the present case bring it within the doctrine of the decison just referred to, and for this reason conclude that the refusal to grant the peremptory writ was justified.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.