## Louisville & Jefferson County Planning & Zoning Commission et al. v. Ogden et al.

March 26, 1948.

Woodward, Dawson, Hobson & Fulton and Samuel Steinfeld for appellants.

J. Verser Conner and Ogden, Tarrant, Galpin & Street for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The judgment invalidated an order of the Louisville and Jefferson County Planning & Zoning Commission entered November 20, 1947, changing the zoning of a parcel of land on the East side of Zorn Avenue, outside the city limits, from classification "A" One-Family Residence District to that of "B-3" Multi-Family Residence District. The purpose of the change was to permit the erection of a series of apartment houses of substantial character and size on the property. The order was challenged upon several grounds by the appellees for themselves and as representatives of other residents of the community.

Underlying the particular action taken in this case is an order of the Commission entered on June 4, 1947, which made an adjustment of the classification of property situated in unincorporated territory of the county. It established what is designated as ''B-3'' Multi-Family Residence District. This adjustment afforded a classification into which the Commission could allocate any given locality, further action in relation to the assignment of a particular area being required. When so assigned or classified the erection of ''Group houses—large scale developments,'' and ''Apartment houses—large scale developments'' was permissible. That was the action taken in this case on November 20, 1947. The adjustment in the original master zoning plan is authorized by KRS 100.066, and the procedure is defined in KRS 100.052, 100.058. The Commission is required to conduct a public hearing and to give notice thereof as required in KRS 100.048. That is done ''by publishing a notice at least once weekly for two consecutive weeks in a daily newspaper, having general circulation throughout such city and county, and by such other means as the commission may determine.'' The character of the notice is described.

Notice of the hearing to adjust the comprehensive zoning plan and create a new classification was published on May 26, 1947. It advised the public that the hearing would be held on June 3d. In the next week, on June 2d, the notice advised the public that it would be held on June 4th. The reason for the change in date was the discovery that June 3d was a legal holiday, Confederate Memorial Day. KRS 2.110. In an effort to correct the inadequate publication, the Commission caused placards to be posted at the customary places at the Court House that the hearing had been postponed from the 3d to the 4th. These signs were put up the night of the 2d or the morning of the 3d.

The statute, quite naturally, gives the right to be heard to any person or governmental agency interested or affected by a proposed adjustment. KRS 100.053. Obviously, an opportunity to be heard is the purpose of the notice. That imports time to get ready. Probably newspaper publication is the best and most expedient proceeding of this kind; yet, as a matter of reality, citizens most seriously affected often never learn any-

thing about the proposed action. The indefinite phrase, "once a week for two consecutive weeks" has given rise to several judicial interpretations. Some of these are that it requires an interval of fourteen days between the first publication and the meeting, while other interpretations are that it means one time in each week, irrespective of the days intervening between each publication or between the first or the last before the day of action. 29 Words and Phrases, Perm. Ed., Once a Week. See Bowles v. Bowles, 250 Ky. 73, 61 S. W. 2d 1062; Scott v. A. Arnold & Sons Transfer & Storage Company, 273 Ky. 163, 116 S. W. 2d 296.

The function of the Commission is in part quasi judicial, and while proceedings before it may be informal (Goodrich v. Selligman, 298 Ky. 863, 183 S. W. 2d 625) yet, its decisions carry the presumption of fairness and correctness. So, too, should there be fairness in advertising a hearing. That demand is not met where there is confusion in the notice of the time or the place of meeting or the character of the action to be taken. But the question here goes deeper than that. The Zoning law vests in the Commission broad discretionary power, but when the method for exercising that power is prescribed by the statute, such method is the measure of its power to act. The publication of notice in the manner and form prescribed by our statutes, cited above, must be deemed jurisdictional, as it is a species of process. It forms the basis of the proceeding and is necessary in order to satisfy the requirements of due process. Hurst v. City of Burlingame, 207 Cal. 134, 277 P. 308; Hendey v. Ackerman, 103 N. J. L. 305, 136 A. 733; Bassett on Zoning, pages 28, 36. This is the ruling as to administrative bodies of this character generally. 42 Am. Jur., Public Administrative Law, Secs. 119, 120, 135. In point by comparison are Chenault v. Collins, 155 Ky. 312, 159 S. W. 834; Pendley v. Butler County Fiscal Court, 229 Ky. 45, 16 S. W. 2d 500; Bryant v. Lang, 197 Ky. 480, 247 S. W. 756. It is generally said that the law prescribing notice of this character must be strictly observed. This court has sometimes held in publications of this and analogous kinds where there was only a slight departure and a substantial compliance that it was sufficient where in fact the purpose had been accomplished. But we are of opinion that under

either view—the strict or the substantial—the publication in one issue of the newspaper that a hearing would be had on one day and in the next issue that it would be held on another day does not conform to the law. We do not think that the posting of placards remedied the defect. Only one notice was given of the meeting held on the 4th.

The appellants contend that for the purpose of this case it makes no difference whether the order of June 4th is valid or invalid, for it was but a general and abstract definition of ''B-3 Multi-Family Residence'' areas, while the order of November 18th was a specific change. The order of November 18th did specifically change the zoning classification of the particular parcel of land on Zorn Avenue, as it recites, ''from 'A,' Single Family Residence'' to ''B-3, Multi-Family Residence.'' The original zoning or master plan placed all unincorporated territory of the county, except some existing industrial areas, into the ''A-One Family Residence District.'' We do not suppose it would be questioned that had the Commission failed to observe the procedural law in the first instance in establishing the master or comprehensive original plan its action in this particular instance would have been sufficient. We are of opinion that the order of November 18th must be regarded as having placed this property in a non-existing classification.

It seems well to pass upon another point. The Commission consists of ten members, four of whom are ex-officio members. KRS 100.036. Only five members of the Commission were present when final action was taken reclassifying the Zorn Avenue parcel. On the motion so to do, three of the members voted in the affirmative, one in the negative, and one refrained from voting. The question is whether there was a quorum present, which it is, of course, conceded was necessary to valid action. It is further conceded that under common law, or in the absence of any statute or statutory authorization, a majority of any body constitutes a quorum for the transaction of business, and a majority of the quorum concurring is sufficient to take any particular action. Seiler v. O'Maley, 190 Ky. 190, 227 S. W. 141; Montgomery v. Claybrooks, 213 Ky. 493, 281 S. W. 469. On this point the appellants rest their case upon

a by-law providing, "A quorum of the Commission shall consist of five members for the transaction of any business." The reason for this by-law, it is said, is that the Mayor and the County Judge do not usually attend meetings of the commission, so that ordinarily there are only eight members who actually conduct its affairs. But ex-officio members of a public body are members for all purposes and must be counted in determining the presence of a quorum. Seiler v. O'Maley, supra. The Commission justifies its rule by a provision in the Zoning statute which directs or authorizes the Commission to adopt rules and regulations for the transaction of its business. KRS 100.037. Whether or not this would be sufficient in the absence of any more specific statute we need not determine. There is a statute which is applicable to all public bodies. KRS 446.050 reads as follows: "Words giving authority to three or more public officers or other persons shall be construed as giving such authority to a majority of such officers or other persons."

This statute controls unless a contrary intention is indicated in a particular law by express words or clear implication. Traylor v. Cummins, 222 Ky. 438, 1 S. W. 2d 530. It has been held that a Board of Education had no authority to enact a by-law providing that a two-thirds majority of the Board should be required to elect its clerk, although the statute gave to the Board the authority to make by-laws and rules. Heyker v. McLaughlin, 106 Ky. 509, 50 S. W. 859, 51 S. W. 820. Even a private banking corporation may not adopt a by-law that is inconsistent with a statute. Corydon Deposit Bank v. McClure, 141 Ky. 481, 133 S. W. 201. It is noted that the statute under which it existed gave the Bank power to adopt by-laws for its government. Kentucky Statutes, 1915 Edition, Sec. 579.

The action of less than a quorum of a public body is void. City of Somerset v. Somerset Banking Company, 109 Ky. 549, 60 S. W. 5, 22 Ky. Law Rep. 1129. The action of the Zoning Commission in the case at bar was void on this account.

Other questions need not be considered.

The judgment is affirmed.