CASE 9—ACTION BY JESSIE NORTHINGTON AGAINST A. D. SUBLETTE AND OTHERS FOR MANDAMUS.—OCTOBER 23.

# Northington v. Sublette, &c.

### APPEAL FROM BALLARD CIRCUIT COURT.

JUDGMENT DISMISSING PLAINTIFF'S PETITION AND SHE APPEALS. REVERSED.

SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—EXAMINATIONS—GRADE —CERTIFICATES—ISSUANCE— DISCRETION OF SUPERINTENDENT — MANDAMUS.

Held: 1. While mandamus will not lie to compel the board of examiners of teachers to give a teacher any particular grade, yet

where they have examined her papers and fixed her standing they have no further discretion and may be compelled by mandamus to issue her a certificate of the grade to which she is entitled.

2. Kentucky Statutes, section 4503, declares that a county teacher's certificate of the first class shall require an average grade of eighty-five per cent. Section 448 declares that words purporting to give authority to three or more persons shall be construed as giving such authority to a majority of them. HELD, that where two of the three members of the board of examiners decided that a teacher had passed an examination entitling her to a county certificate of the first class, the county superintendent had no discretion to refuse to issue a certificate of that grade to her.

G. W. REEVES, FOR APPELLANT.

The question in this case is, whether the appellant, Miss Jessie Northington, is bound by the second class certificate which was signed by the board of examiners and which she refused to accept.

The proof shows that the examination in spelling is the bone of contention. They all agree that in all the other branches her grade entitles her to a first class certificate.

Two of the examiners, Mrs. Dunn and Mr. Moore, both positively swear that appellant was entitled to a first class certificate, and that the reason why they signed a second class certificate was, that they knew that the certificate must be signed by the superintendent, or the appellant could not teach, and the appellee, Miss Sublette, was obstinate and flatly refused to sign any other than a second class certificate.

The appellant, in her petition, alleges that in her examination she attained an average grade of eighty-five per cent. in all the branches required by the common school law and in no branch thereof had she fallen below sixty-five per cent.

Mr. Moore and Mrs. Dunn, in their joint answer in substance, agree to the allegations of the petition, and express their willingness to sign a first class certificate.

Miss Sublette, in her separate answer admits the average of eighty-five per cent in all the branches except spelling, which she avers was below sixty-five per cent.

Our contention is, that a majority of the board having found appellant to be entitled to a first class certificate, she thereby becomes entitled to such certificate, although the third member of the board may refuse to agree with the majority

Whenever the grade of the applicant shows an average of

eighty-five per cent. with no branch below sixty-five per cent., then the board is bound under the law to award a first class certificate.

There is no question as to the authority of the court to award a mandamus compelling the board to issue a certificate in accordance with the decision of the majority of the board.

## AUTHORITIES CITED.

Kentucky Statutes, secs. 4422, 4425, 4503; Dassey County Judge v. Sanders, Sheriff, 17 R., 927; Day v. Justices of Fleming Co. Ct., 3 B. Mon., 198; Cassedy v. Young Co. Judge, 13 Rep., 512; Dew v. Sweet Spring Dist. Ct. Judges, 3 Hen. & M., 1 Va. (3 Am. Dec., 639); Jackson, &c. v. State of Nebracka, *Ex rel.* Thomas J. Majors, 42 L. R. A., 792; Dean v. Campbell, &c., 59 S. W., 294 (Texas).

BUGG & WICKLIFFE AND SHELBOURNE & KANE, FOR APPELLEE.

Our contention is:

1. The school board of examiners in Kentucky was created by statute to adjudge the grade of certificate to be awarded applicants for certificates to teach school, and no review can be had of their decision by the courts, however erroneous it may have been.

## AUTHORITIES CITED.

Secs. 60, 63 and 133, Common School Law; Booe County Judge v. Kenner, 20 R., 1343 and cases there cited; Anderson v. Likens, 20 R., 1001; Louisville v. Keen, 10 B. Mon., 17; Dickens v. Cave Hill, &c., 93 Ky., 389; Cassedy v. Young, 92 Ky., 227.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

This was an application by appellant, Jessie Northington, by her next friend, for a mandamus against appellees as the county board of examiners of teachers of the common schools of Ballard county, requiring them to issue to her a first-class certificate. She alleged that upon her examination it was found and determined by the board that her general average grade exceeded 85 per cent., and her lowest grade was above 65 per cent., and the board decided that she was entitled to a first class certificate, but the superintendent, from some unknown cause, refused to per-

mit the certificate to be issued to her. Appellees John M. Moore and Belle Dunn, two members of the board, filed answer, in which they, in substance, alleged that the statements of the petition were true. The third member of the board, appellee A. Dee Sublette, filed answer controverting the allegations of the petition. She afterwards filed an amended answer, in which she alleged that the plaintiff received aid in her examination. This was denied by a reply, and on final hearing the court dismissed the petition.

There is little conflict in the evidence—so little that the real facts in the case may be simply stated. There is no dispute that appellant was graded satisfactorily on every thing except spelling, and that she in fact made an average of 85 per cent. The only question is whether she made an average of 65 per cent. on spelling. Appellees Moore and Dunn decided that her grade on spelling was 70. Appellee Sublette held it to be 60, and refused to sign a first-class certificate. Appellees Moore and Dunn finally signed the second-class certificate, not because they had changed their conclusion, but because they thought it would be better to give a second-class certificate than none, and there was an understanding that the matter of the grade on spelling was thereafter to be settled. A referee to whom the matter was referred to by them decided the grade was 65, but appellee Sublette still refused to sign the certificate.

It is true mandamus does not lie to control a discretion. It only lies to compel ministerial action. It lies against the board of examiners to compel them to decide what grade a teacher has made, but it does not lie to compel them to give the teacher a certain grade. In other words, if they make a mistake in grading the teacher, that mistake can not be corrected by mandamus; for in grading the teachers they must exercise their own judgment, and

this can not be controlled by the courts. But when they have graded the teacher they have no further discretion. The statute prescribes the grade of certificate to be issued: "A county certificate of the first class shall require an average grade of eighty-five per centum upon all the subjects of the common school course and upon the science and art of teaching; and the lowest grade in any subject shall not be less than sixty-five per centum." Kentucky Statutes, section 4503. It therefore follows that if a teacher makes the required grade he is entitled to a first-class certificate, and the board, without special cause not alleged here, has no right to withhold it from him. By section 448, Kentucky Statutes, it is provided: "Words purporting to give authority to three or more public officers or other persons shall be construed as giving such authority to a majority of such officers or other persons." The majority of the board of examiners were therefore to determine the grade of any person examined by them, and the decision of the majority was as binding as if it had been made by the whole board. When this decision was rendered appellant became entitled to her certificate, and it was the duty of the superintendent to sign it and deliver it to her. In this she had no discretion. It was simply a ministerial duty.

As to the matter of receiving aid, it is sufficient to say that this is a matter committed to the board of examiners. Kentucky Statutes, section 4425. The board has not seen fit to act. Besides, as the record is presented, we see nothing in this.

Judgment reversed, and cause remanded, with directions to award the mandamus as prayed. No costs will be adjudged against the appellees Moore and Dunn in this court, nor in the lower court after the filing of their answer.

Petition for rehearing by appellee overruled.