## Carpenter v. Hale.

(Decided June 9, 1914.)

### Appeal from Magoffin Circuit Court.

Elections—Contests—Schools and School Districts—Limitation.— Where a school election was held on August 2, 1913, for the purpose of electing a trustee for a subdistrict, and at the close of the polls one of the election officers refused to sign the certificate of returns, whereupon the successful candidate instituted a mandamus proceeding to compel him to sign the certificate and to compel the county superintendent of schools to recognize such successful candidate as the duly elected trustee, a contest proceeding brought within ten days after the signing of the certificate by the election officer who declined to sign it until required to do so by the court, was not instituted in time. When

two of the election officers signed the certificate, the duties of such officers were completely discharged, and the contest should have been instituted within ten days thereafter.

E. W. PENDLETON for appellant.

W. R. PRATER and PRATER & PATRICK for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

An election was held on August 2, 1913, in Sub-district No. 4, Educational Division No. 6 of Magoffin County, for the purpose of electing a sub-district trustee.

Irvin Carpenter and H. C. Hale were the contending candidates. The officers of the election were Morgan, Mullins and Willie Arnett, Judges, and Matt Wireman, Clerk.

At the close of the polls, Arnett and Wireman signed a certificate as of that date to the effect that Carpenter had received sixteen votes and Hale twenty-three votes, and that Hale had been elected trustee. This certificate Mullins refused to sign.

A mandamus proceeding was thereupon instituted in the Magoffin Circuit Court by Hale against Mullins and against the County Superintendent of Schools of Magoffin County, seeking to compel Mullins to sign the certificate, and to require the County Superintendent to administer the oath of office to Hale, as such trustee.

On January 17, 1914, in obedience to a rule issued by that court, Mullins signed the certificate, and the same was thereupon filed in the office of the County Superintendent, who then administered the oath of office to Hale.

Two days thereafter, on January 19, 1914, Carpenter instituted this contest proceeding in the Magoffin Circuit Court against Hale.

The contestee first entered a motion to dismiss the action because the same was not filed within the time required by law; and also filed an answer and counterclaim. Upon submission of the cause on the pleadings and proof, and on the motion to dismiss the petitions the court sustained the motion to dismiss upon the ground that the action was not filed within ten days after the final action of the election officers in certifying the returns of the election, and adjudged the contestee to be the legally elected trustee. Of that ruling, the plaintiff complains upon this appeal.

Section 1596a, sub-section 12, Kentucky Statutes, governs election contests of this character, and requires that the petition shall be filed and process issued within ten days "after the final action of the board of canvassers." This is conceded by appellant, but he contends that there was no final action of the election officers until Mullins signed the certificate.

It is not definitely shown, but it is apparent from the record that the certificate which was made out and signed by the clerk and one of the judges of the election, certifying the election of contestee, was returned to the county superintendent immediately after its issual on August 2, but that he refused to administer the oath of office to Hale, or to recognize him as trustee, without the signature of the other judge on the certificate, he doubtless deeming the certificate incomplete; and appellant argues that this is the proper construction of the law.

Section 1596a, Kentucky Statutes, sub-section 2 provides that a majority of the board of election commissioners shall constitute a quorum for the transaction of the business of the board, and that a majority of the board may make any order or do any act which the board is authorized or empowered to do.

Section 4426, sub-section 3, Kentucky Statutes, provides that the officers of a school election shall certify the returns of the election to the county superintendent within five days after the election.

And, as a majority of the county board of election commissioners may act in the issual of certificates of election, we see no reason why a majority of the officers comprising a school election board may not issue the certificate required to be issued by such a board of officers. In certifying the returns of a school election, they perform duties similar in character to those performed by the board of election commissioners in issuing certificates of election; and the certificate of the officers of a school election is the only, and therefore, the final certificate issued.

In addition, in the absence of a statutory provision to the contrary, section 448, Kentucky Statutes, should govern such cases. This section provides that words purporting to give authority to three or more public officers or other persons shall be construed as giving such authority to a majority of such officer or other persons.

'Section 679 of the Civil Code of Practice is of a similar
·import.

Therefore, when on August 2, 1913, the certificate of
returns was signed by two of the election officers to the
effect that Hale had received twenty-three and Carpen-
ter sixteen votes, and that Hale was elected trustee, the
duties of the officers of the election were completely and
·validly discharged, and the final action of such officers
performed. And, a contest of the election should have
been instituted within ten days thereafter. This the
plaintiff failed to do; and his failure is not avoided by
the fact that the successful candidate prosecuted a man-
damus proceeding to obtain the signature of the election
officer who refused to sign the certificate, and to compel
the county superintendent of schools to administer to
him the oath of office, and to recognize him as the duly
elected trustee.

The circuit court properly dismissed the petition.

Judgment affirmed.