## Hamlett, State Superintendent v. Reid.

(Decided June 18, 1915.)

### Appeal from Franklin Circuit Court.

Mandamus—Schools and School Districts—Kentucky Normal Institute—When Duty of State Superintendent to Sign Diploma of Student of.—The State Superintendent of Schools is chairman ex-officio of the board of trustees of Kentucky Normal Institute. Where a pupil has completed the prescribed course, complied with all rules and has been awarded a diploma at a meeting of the board which the State Superintendent refused to attend without valid excuse, the action of the board is binding upon the Superintendent and it is his duty to sign the diploma in his official capacity.

JAMES GARNETT, Attorney General, and M. M. LOGAN, Assistant Attorney General, for appellant.

SCOTT & HAMILTON for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellee was the plaintiff below and sued the appellant, in his official capacity, praying for a writ of mandamus directing him to affix his signature to a diploma which had been granted to her by the Kentucky Normal Industrial Institute. It is an institution of learning for colored persons, and established by an act of the General Assembly. By Section 4527, Kentucky Statutes, the Superintendent of Public Instruction is, ex-officio, chairman of its board of trustees. It is the duty of the board to adopt "such rules for the governing of said school, not inconsistent with law, as they may deem proper, and shall supervise all of its interests, provide for all its wants." The plaintiff alleged that she was "awarded a diploma of graduation from the regular normal course in said institute by order and approval of the board of trustees thereof on the 3rd day of June, 1914," and the same was signed by all the trustees except the defendant, and that he has ever since failed and refused to sign the diploma, although she has complied with all the rules and regulations of the institute and completed the course of study prescribed.

By Section 4530 of the Statutes it is provided that, before a pupil may enter the institution, a written pledge must be signed to the effect that the applicant will, as far as practicable, teach in the colored common schools

of Kentucky a period equal to twice the time spent as a pupil in said normal school.

Section 4535 entitles the holder of a diploma to teach in the colored common schools of the State. She alleges that "by reason of appellant's unlawful failure to sign said diploma she has been denied and prevented from teaching in the colored schools."

The appellant answered and admitted that he had refused to sign the diploma, "because he was advised that it was not necessary for him to sign the diploma, and he now states and charges that said board of trustees elected a chairman *pro tem.* to act in his place and for him, and that in doing so said board rendered it unnecessary for him to sign said diploma, and that he now refuses to sign the same because he was not present when the same was granted or presented by the board of trustees, and because, in his opinion, he cannot be compelled to sign a diploma approved by said board in his absence, and when another was acting for him as chairman *pro tem.* of said board."

A demurrer to this answer was sustained, and the defendant refusing to plead further, the court adjudged "that the diploma referred to in plaintiff's petition is valid for all purposes without the signature of the defendant, but because it is alleged that the plaintiff is being denied and prevented from teaching school by reason of the failure of the defendant to sign said diploma, it is adjudged by the court that the plaintiff is entitled to the relief sought; it is, therefore, ordered and adjudged by the court that the defendant without delay affix his signature to said diploma, as president of the board of trustees of the Kentucky Normal Industrial Institute for colored persons."

The appeal comes from this judgment. Appellant states in his brief that "some time last year, or the year previous, a controversy arose between the superintendent and the president of this institution, and the superintendent declined to take any part in the management of the affairs of the institution and refused to meet with the trustees for the transaction of any business. The remaining trustees proceeded to carry on the business of the institution, and when the time came to grant certificates, the board held a meeting and elected a chairman *pro tem.* to act in the absence of the superintendent, and certificates were granted to 76 pupils who had com-

pleted the prescribed course. These certificates were not signed by the superintendent (appellant) as chairman ex-officio of the board, and he continues to refuse to attach his signature to them." Although they were signed by the chairman *pro tem.* of the board, it stands admitted that holders of these certificates have been handicapped by reason of appellant failing to sign them. Trustees and members of boards of education throughout the State refuse to recognize them as valid.

The purpose of this school is to prepare teachers for the colored schools. This appellee not only desired but pledged herself to engage in the work and thereby gained admission. She completed the course prescribed, and complied with every rule of the institution. It is a part of the educational system of the State, and the interests of the State are so closely connected with it that the law makes the State Superintendent of Schools ex-officio chairman of the board. It is the duty of the board to sign diplomas. The law will not permit the purpose for which the school was created to be thwarted by arbitrary action on the part of any member of the board, and we agree with the lower court that where, in the absence of the Superintendent, a chairman *pro tem.* was selected and the diploma was signed by this chairman *pro tem.*, and the other members, that the diploma is entitled to recognition throughout the State the same as if signed by the State Superintendent, as chairman ex-officio. At the same time, the fact that a pupil may hold a valid diploma will not justify the Superintendent in refusing to sign it, for he owes that duty. He is a member of the governing board, and is bound by the action of a majority of its members. His answer does not give a sufficient reason for the position taken by him, and shows that he has arbitrarily refused to be governed by the action of the majority. By Section 448 of the Kentucky Statutes it is provided:

"Words purporting to give authority to three or more public officers or other persons shall be construed as giving such authority to a majority of such officers or other persons."

A somewhat similar question was involved in the case of Northington v. Sublette, 114 Ky., 75, where a mandamus was issued to compel a county superintendent, as a member of the board of examiners, to issue a teacher's certificate. The petitioner having passed the

requisite examination and complied with all demands the court held that the board without special cause had no right to withhold it. All of the board except the county superintendent were willing to issue and sign the certificate. The court said:

"The majority of the board of examiners were, there-. fore, to determine the grade of any person examined by them, and the decision of the majority was as binding as if it had been made by the whole board. When this decision was rendered appellant became entitled to her certificate, and it was the duty of the superintendent to sign it and deliver it to her. In this he had no discretion. It was simply a ministerial duty."

The fact that it was not necessary for the appellant to sign appellee's certificate in order to give it validity does not excuse him. County boards know that the State Superintendent is chairman of the board, but they do not know from the diploma whether a chairman *pro tem.* has been selected, or is authorized so to act. His refusal to sign it, therefore, deprives her of a certificate in regular form, and clouds her right to teach. After much labor and application she gained the prize, and she is entitled to have its verity certified by the State's officers whose duty it is to award it to her. The diploma in regular form has sentimental and other values for her far in excess of any monetary returns which school teaching may bring. Unfortunate as may be the differences between the Superintendent and the President of the Normal School, the appellee is not involved in them, and she should not be prejudiced thereby.

We are of opinion that the judgment of the lower court should be affirmed, and it is so ordered.