## Traylor v. Cummins.

(Decided October 18, 1927.)

### Appeal from Caldwell Circuit Court.

1. Ordinarily, a certificate of the state board of education that particular person has necessary qualifications for position of county superintendent cannot be collaterally attacked.

2. Schools and School Districts.—Under Ky. Stats., sec. 4379, providing the superintendent of public instruction shall be chairman of the state board of education created by section 4377, "and with one other member may control its corporate action. . . . " and in

view of section 448, Civil Code of Practice, sec. 679, the state board of education cannot act without the concurrence of the superintendent, notwithstanding the two remaining members agree.

3. Schools and School Districts.—Certificate of necessary qualifications issued to one elected to position of county superintendent of schools, signed only by secretary of state and Attorney General, ex officio members of state board of education, and not by superintendent of public instruction, chairman of such board, held ineffective, in view of Ky. Stats., sec. 4379, notwithstanding section 448 and Civil Code of Practice, sec. 679.

4. Schools and School Districts.—Certificate of qualifications of one elected to position of county superintendent of schools, signed only by secretary of state and Attorney General, ex officio members of state board of education, when subsequently signed by chairman of such board, held not validated as of the date when signed by other members.

C. S. NUNN, R. W. LISANBY, ALVIN LISANBY and JOHN C. GATES for appellant.

J. ELLIOTT BAKER and W. A. BERRY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

This appeal involves the right to the office of superintendent of schools of Caldwell county. The appellee, K. R. Cummins, in his petition alleges that he was duly elected to that position by the county board of education prior to July 1, 1926, and that at the time of his election he was qualified for the position as the law required. The record discloses that the county board of education voted to elect him to the position prior to July 1, 1926. For reasons set out in the record, which it is not necessary to go into here, the superintendent then in office declined to surrender the office to him. Cummins took the oath of office before a notary public, and tendered some character of bond. On the 15th of July, 1926, the appellant, Robert Traylor, was elected to the position by the county board of education, and he entered upon the discharge of his duties. Matters thus stood until the institution of this action.

Counsel for appellee thus states the questions involved in the case:

"As we understand the situation, it is only necessary for the appellee to establish two facts: One, that he was elected by the duly constituted authority to the position of the county superintendent of the Caldwell county schools, which term of

office, under which election began July 1, 1926; and the other is that, at the time when he offered to qualify and did qualify by taking the oath of office, as appears of record by the certification of a notary public, who swore him in, he had in his possession at that time those credentials which were necessary to be possessed by him to authorize him to occupy the position of county superintendent.''

We think that is a fair statement of the questions involved, and we shall discuss no other. That Cummins was elected to the position by the county board of education does not seem to be seriously disputed, and we may accept it as an admitted fact. The appeal, therefore, must be determined from a consideration of the other question; that is, whether on July 1, 1926, appellee had in his possession such credentials as were necessary for him to have to authorize him to occupy the position of county superintendent. If he did not possess, at the time, the necessary qualifications, one of which was a certificate to him by the state board of education as required by law showing that he was qualified for the position of superintendent of county schools, he may not complain that he was denied induction into office.

He had in his possession, on July 1, 1926, a certificate showing that he was qualified to hold the position, which certificate was signed by the secretary of state and the Attorney General as members of the state board of education. It was not signed by the superintendent of public instruction. It is urged by counsel for appellant that the courts in this case may go behind the certificate, even if it is valid, and ascertain whether it should have been issued, or rather whether appellee was entitled to receive it under the requirements of the law at the time it was issued to him. We deem it unnecessary, in view of the conclusions reached, to determine this question. Ordinarily such a certificate cannot be collaterally attacked.

But counsel for appellant insist that this certificate had no validity because it was not signed by the superintendent of public instruction as a member of the board, nor was it attested by him with his private seal as chairman of the board.

The state board of education was created by section 4377, Ky. Stats. It is there provided that the superintendent of public instruction, together with the secretary

of state and Attorney General, shall constitute the state board of education. The board as thus constituted is a body politic and corporate, by the name and style of the Kentucky state board of education. By the provisions of section 4381, Ky. Stats., the corporate acts of the board must be attested by the signature of the chairman, and his private seal shall stand in lieu of a corporate seal. It is insisted that, conceding the validity of the certificate issued by the Attorney General and the secretary of state, it was not a valid certificate on July 1, 1926, because it had not been attested by the signature of the chairman, and that his seal had not been placed thereon. This argument has force, as a corporation can only speak through its records, but we also deem it unnecessary to pass on the question as to whether this certificate, if issued in accordance with the law, was invalid because not properly attested by the chairman.

Section 4379, Ky. Stats., is as follows:

"The superintendent of public instruction shall be the chairman of the board, and with one other member may control its corporate action at any regular or called meeting of the board, of which all the members shall have timely notice in writing."

It is urged by counsel for appellant that this section means that the state board of education cannot act unless the chairman and at least one of the other members of the board concur in the action; that the chairman himself cannot act alone, as the other two members have a veto over what he may do, and that he has a veto over what the other two members may do; that he cannot act alone, and that the other two members jointly cannot act alone; that all three of the members must concur, or that the chairman and at least one of the others must concur; that the two members other than the chairman concurring may not act over the objection and vote of the chairman.

Section 448, Ky. Stats., is as follows:

"Words purporting to give authority to three or more public officers or other persons shall be construed as giving such authority to a majority of such officers or other persons.".

To the same effect is section 679, Civil Code.

These sections of the law are unambiguous, and this court has construed them to mean exactly what the language used imports. Hamlett v. Reid, 165 Ky. 613, 177 S. W. 440; Carpenter v. Hale, 159 Ky. 465, 167 S. W. 426; Ray v. Armstrong, 140 Ky. 800, 131 S. W. 1039; Bennett v. Knott, 112 S. W. 849; Northington v. Sublette, 114 Ky. 72, 69 S. W. 1076, 24 Ky. Law Rep. 835; Commonwealth v. Ginn, 111 Ky. 110, 63 S. W. 467, 23 Ky. Law Rep. 521.

There will be found running through these opinions the idea that the rule announced in the aforesaid sections of the statute and Code shall prevail in the construction of any law giving authority to three or more public officers or other persons to act, unless there is by express words or clear implication a contrary intention found in the law. This exception was noted in one of the early cases. Hewitt v. Craig, 86 Ky. 23, 5 S. W. 280, 9 Ky. Law Rep. 232.

Section 448, Ky. Stats., as well as section 4379, was brought over from the General Statutes. Section 448 was re-enacted in 1892, while section 4379 was re-enacted in 1893. An examination of the genesis of these two sections will disclose that section 448 is the older section. This being true, the General Assembly must have meant something when section 4379 was enacted. Clearly it is a modification of the general rule and, on its face, express words as well as clear implication show that it was the intention of the General Assembly to not allow a majority of the state board of education to act unless the superintendent of public instruction was one of the members going to make up the majority. Section 4379, although enacted in 1888, has never been before this court for construction. It is true the action of the state board of education was called in question in the case of Commonwealth v. Ginn, supra, but the only question there was whether the assistant secretary of state might act for the secretary of state in the absence of that officer. The superintendent of public instruction and the assistant secretary of state had concurred, and this court held that their act was legal. It is our opinion that in the enactment of section 4379 the General Assembly meant to have a different rule apply from that prescribed in section 448, and that the state board of education could not act without the concurrence of the superintendent of public instruction. The Attorney General and the

secretary of state act as a check on the superintendent. He is the member of the board who is the head of the public schools of the state, and it was not intended that the other two members of the board, without his concurrence, should have a deciding voice in affairs relating to the public schools. The intention of the General Assembly was that the other two members should prevent the superintendent from doing that which they thought he ought not to do, and to give him the authority to prevent the other two members from controlling the action of the board. If the section does not mean this, it is entirely meaningless. There might be some grounds for the contention that the section meant to constitute the chairman and one other member a quorum, if the chairman was an ex officio member of the board and the other two were members appointed by some authority, but all three members of the board are ex officio members.

It is urged that, when the chairman of the board signed the certificate of appellee on July 19, 1926, it validated it as of the date it was signed by the other two members. We do not think so. It was necessary for appellee to have the certificate at the time of his qualification. The law under which the certificate was issued had been repealed at the time the chairman signed it, which is another reason why we cannot agree with the contention of appellee on this point.

Having this view of the matter, it is our opinion that the lower court should have dismissed appellee's petition.

The motion to discharge the supersedeas bond is overruled.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting.