José C. Rodríguez Favale, Petitioner and Appellee, *v.* José M. Gallardo, President of the Superior Educational Council of the University of Puerto Rico, Respondent and Appellant.

No. 8990. Argued November 9, 1944.—Decided December 20, 1944.

*Fernando B. Fornaris, Acting Attorney General,* and *M. Rodríguez Ramos, Legal Adviser of the University of Puerto Rico,* for appellant. *R. Soltero Peralta* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The sole question involved in this appeal is whether the President of the Superior Educational Council of the University of Puerto Rico may be compelled by mandamus to sign a diploma approved and issued by said council to a candidate for graduation from the University. The facts are as follows:

For lack of the required grade index of high school, José C. Rodríguez Favale was admitted in the University of Puerto Rico as a special student. Under this condition he

registered in the courses leading to the degree of Bachelor of Business Administration during a four-year regular course and three summer courses. On January 7, 1942, his last year at the University, he asked the Administrative Council of Deans to be permitted to take a second examination in a certain subject in which he had received an "F" grade, but his petition was denied because his condition as a special student did not require him to obtain a grade or rating on any subject, as he was not entitled to academic credit. The petitioner appealed to the Board of Trustees, which unanimously approved his petition to be considered as a regular student candidate for graduation. The Registrar of the University then moved the Board to reconsider its decision, but the Board ratified it on March 27, 1942.

At this stage, on August 5, 1942, Act No. 135 of May 7, 1942, reorganizing the University of Puerto Rico and by virtue of which the Board of Trustees was eliminated, it being substituted by the Superior Educational Council, became effective. When the list of the students who had completed the academic courses. required for graduation on July 31, 1942, and among which was the name of the petitioner, was submitted for the approval of the council, the same was approved and the corresponding diplomas were accordingly issued. The Chancellor of the University signed said diplomas and submitted them to Dr. José M. Gallardo, President of the Council, for his signature, pursuant to § 5 of Chapter X of the University Regulations [1], but the latter refused to sign the diploma of the petitioner "on the ground that he seriously questioned the regularity of the procedure involved of his graduation." Since Dr. Gallardo insisted in his attitude, the student filed a mandamus proceeding in the District Court of San Juan, which court, after hearing the parties and the evidence introduced, issued the writ. The

---

[1] "Section 5.—All diplomas issued to those persons who receive degrees from the University shall be signed by the President of the Board of Trustees and the Chancellor of the University."

defendant has taken an appeal from that judgment and alleges that the lower court has committed two errors, in dismissing a demurrer interposed against the sufficiency of the petition because it did not appear therefrom that it was his ministerial duty to sign said diploma and in weighing the facts and applying the statute covering the case.

The two errors assigned are discussed jointly by the appellant and he contends that the petitioner did not resort to mandamus with "clean hands," since he never complied with the university requirements; and that the Board of Trustees acted illegally and *ultra vires* in granting the petitioner the right to graduate by. making him a regular student.

 The appeal taken lacks merit. The action of the Board of Trustees is authorized by law as well as by the University Regulations.[2] Likewise, although the Act of 1925 (No. 50, p. 282) was expressly repealed by the Act of 1942 (see footnote (2)), the absolute power to award academic degrees lies in the Superior Educational Council just as it lay in the Board of Trustees by virtue of § 28 of Act No. 135 of 1942 which provides as follows:

"Until the regulations of the University in harmony with the provisions of this Act are promulgated, all the rules provisions, prac-

---

[2] Section 7 of Act No. 50 of July 21, 1925 (repealed by Act No. 135 of May 7, 1942) provides in part that ". . . and the said Board of Trustees is further empowered to make or prescribe, as the occasion may require, reasonable rules, orders and by-laws with reasonable penalties for the good government of the said corporation and for the regulation of its own body; and also by and with the advice of the executive head of the University, to determine and regulate the courses of instruction in said University; *and the Board of Trustees shall grant university degrees, as may be determined and prescribed.*" (Italics ours.)

"REGULATIONS OF THE UNIVERSITY OF PUERTO RICO AND OF THE BOARD OF TRUSTEES THEREOF.

"Section 4.—For the purposes of the maintenance, direction, and control of the university institutes and annexes and accessories thereof, the following duties are assigned to the Board of Trustees:

\*　　\*　　\*　　\*　　\*　　\*　　\*

"(4) To grant such university diplomas or degrees as it may determine or prescribe."

tices, and procedures established in the University of Puerto Rico shall be in force."

It having been decided by the Board of Trustees that Rodríguez Favale was a regular student of the University of Puerto Rico entitled to graduate, and as the Superior Educational Council awarded him the degree of Bachelor of Business Administration, and since said bodies knew at all times of any irregularity existing in the case of the petitioner, appellant's contention that the petitioner did not act with "clean hands" cannot prevail. At no time did the petitioner try to deceive the Board or Council. These bodies, being clearly aware of the facts, changed the status of the petitioner from special student to regular student and in doing so they acted within the authority granted to them by law and the regulations.

The President of both bodies had no discretion to refuse to sign the diploma. It is our opinion that his duty in this case is clearly ministerial.[3]

In *Valentine* v. *Independent School Dist., supra,* there did not exist any law requiring the issuance of a diploma, nor any rule for the award thereof, yet the following was held therein:

"It does not appear in the instant case what rules, if any, are provided by defendants in regard to issuing diplomas to those who

---

[3] Commenting on the case of *Hamlet* v. *Reid,* (1915) 165 Ky. 613, 177 S.W. 440, in *Valentine* v. *Independent School Dist.,* 174 N.W. 334, 6 A.L.R. 1525, 1530, it was said:

". . . the superintendent of public instruction was, by statute, made ex officio chairman of the board of trustees of the State Normal Industrial Institute; plaintiff was awarded a diploma by the trustees, and it was signed by all of them except the state superintendent; he refused to sign, although plaintiff had complied with all requirements; it was admitted that, although the diploma was signed by the chairman pro-tem. of the board and valid without the signature of the state superintendent, yet the state authorities had refused to recognize it as valid without the signature of the state superintendent. It was held that the law would not permit the purposes for which the school was created to be thwarted by arbitrary action on the part of any member of the board, and the fact that the diploma was in fact valid would not justify the superintendent in arbitrarily refusing to sign it, and that mandamus would lie directing him to do so. . . ."

may complete the course. True, there is no statute expressly requiring the issuance of a diploma in such a case; but our schools are maintained by taxation, and our public schools are, in a sense, public, and those in authority and who are responsible for the government of the schools are, in a sense, engaged in a public duty. And we think and hold that, even without a statute, there is an implied legal duty on the part of such officers to issue written evidence of plaintiffs graduation in the form of a certificate, a diploma, or the like, to those who have satisfactorily completed the prescribed course of study, unless for sufficient reasons they are justified in withholding it. Defendants have adopted the method of issuing diplomas, and they may not discriminate against the plaintiff.''

The doctrine established in the cases cited is applicable to the case at bar. The proceeding was instituted against a public officer, the Commissioner of Education, who by virtue of his office was the President of the Board of Trustees, and is now the President of the Superior Educational Council and as such he was and is at present bound to comply with such ministerial duties as are imposed upon the presidency of said governmental bodies of the University of Puerto Rico.

The judgment appealed from must be affirmed.

Mr. Chief Justice Travieso did not participate herein.