José C. Rodríguez Favale, demandante y apelado, *v.* Hon. José M. Gallardo, Presidente del Consejo Superior de Enseñanza de la Universidad de Puerto Rico, demandado y apelante.

Núm. 8990.—*Sometido:* Noviembre 9, 1944. *Resuelto:* Diciembre 20, 1944.

346

*Hon. Procurador General Interino Fernando B. Fornaris* y *M. Rodrí-
guez Ramos,* Asesor Legal éste de la Universidad de Puerto Rico,
abogados del apelante; *R. Soltero Peralta,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tri-
bunal.

La única cuestión envuelta en este recurso es si el Presi-
dente del Consejo Superior de Enseñanza de la Universidad
de Puerto Rico puede ser compelido por *mandamus* a firmar
un diploma aprobado y expedido por dicho Consejo a un
graduando de la Universidad. Los hechos son los siguientes:

Por no tener el índice académico de escuela superior re-
querido, José C. Rodríguez Favale fué admitido a la Uni-
versidad de Puerto Rico como estudiante especial. En tal
condición fué matriculado en los cursos objeto del grado de
Bachiller en Administración Comercial durante cuatro años
escolares y tres veranos. En 7 de enero de 1942, estando en
su último año, solicitó permiso del Consejo Administrativo
de Decanos para tomar un nuevo examen en cierta asigna-
tura en la cual había obtenido calificación de "F", siendo
negada su petición debido a que su condición de estudiante
especial no hacía necesario que él obtuviera grado o califica-
ción alguna en cualquier asignatura por no tener derecho a
crédito académico. El peticionario recurrió a la Junta de
Síndicos, la cual aprobó por unanimidad su solicitud para
que se le considerara como estudiante regular con derecho a
graduarse. El Registrador de la Universidad solicitó enton-
ces de la Junta que reconsiderara su decisión, ratificándose
dicho cuerpo en ella el 27 de marzo de 1942.

Así las cosas, el 5 de agosto de 1942 entró en vigor la Ley número 135 de 7 de mayo de 1942 ((1) pág. 763), reorganizando la Universidad de Puerto Rico, y a virtud de la cual se eliminó la Junta de Síndicos, substituyéndose en su lugar el actual Consejo Superior de Enseñanza. Sometida a la aprobación del Consejo la lista de estudiantes que habían completado los requisitos académicos necesarios para graduación para el 31 de julio de 1942, en la cual aparecía el nombre del peticionario, el Consejo la aprobó, expidiéndose como consecuencia los correspondientes diplomas. El Rector de la Universidad firmó dichos diplomas y los sometió al Dr. José M. Gallardo, Presidente del Consejo, para su firma, de acuerdo con la sección 5 del Capítulo X del Reglamento de la Universidad,[1] pero éste rehusó firmar el diploma del peticionario "por tener serias dudas en cuanto a la regularidad del procedimiento envuelto en su graduación". Al insistir el Dr. Gallardo en su actitud, el estudiante radicó petición de mandamus en la Corte de Distrito de San Juan, la cual después de celebrar una vista en la cual se presentó prueba, expidió el auto. Contra esa sentencia apeló el demandado, alegando la comisión de dos errores por la corte inferior al declarar sin lugar una excepción previa interpuesta contra la suficiencia de la petición porque no surgía de ella deber ministerial alguno de firmar el referido diploma y al apreciar los hechos y al aplicar la ley que cobija el caso.

Los dos errores se discuten conjuntamente por el apelante y sostiene que el peticionario no recurrió al mandamus con "manos limpias", pues nunca cumplió con los requisitos universitarios; y que la Junta de Síndicos actuó en forma ilegal y *ultra vires* al conceder al peticionario el derecho a graduarse, haciéndolo estudiante regular.

---

[1] "Sección 5: Todos los diplomas expedidos a aquéllos que reciban título de la Universidad *deberán* estar firmados por el Presidente de la Junta de Síndicos y por el Canciller de la Universidad."

348

█ La apelación interpuesta carece de méritos. La actuación de la Junta de Síndicos está autorizada tanto por la ley como por el Reglamento de la Universidad.[2] Asimismo, aunque la ley de 1925 (Núm. 50, pág. 283) fué expresamente derogada por la ley de 1942 (véase la nota (2)), el poder absoluto de conferir grados académicos reside en el Consejo Superior de Enseñanza en igual forma en que residía en la Junta de Síndicos a virtud de la sección 28 de la Ley número 135 de 1942 que dispone que:

"En tanto se promulga el Reglamento de la Universidad a tenor de lo dispuesto en esta Ley, estarán en vigor todas las reglas, disposiciones, prácticas y procedimientos establecidos en la Universidad de Puerto Rico."

Para la fecha de los trámites seguidos por el peticionario Rodríguez Favale, no se había promulgado por el Consejo un nuevo reglamento.

Habiendo resuelto la Junta de Síndicos que Rodríguez Favale era un estudiante regular de la Universidad de Puerto Rico con derecho a graduarse, y habiéndole el Consejo Superior de Enseñanza otorgado el grado de Bachiller en Administración Comercial, y conociendo en todo momento dichos organismos cualquier irregularidad habida en el caso

---

[2] La sección 7, Ley núm. 50 de 21 de julio de 1925 (derogada por la Ley núm. 135 de 7 de mayo de 1942) dispone en parte que: ". . . y se le concede, además, poder a la Junta de Síndicos para hacer y prescribir, según se requieran, reglamentos, reglas y estatutos razonables, con castigos razonables para el buen gobierno de dicha corporación, para el régimen de su propio cuerpo; y, además, con el consejo del Director Ejecutivo de la Universidad, determinará y regularizará los cursos de estudios de dicha Universidad; *y la Junta de Síndicos concederá grados universitarios según lo determine y prescriba.*" (Itálicas nuestras.)

"REGLAMENTO DE LA UNIVERSIDAD DE PUERTO RICO Y DE SU JUNTA DE SÍNDICOS

"Sección 4.—A los fines del sostenimiento, dirección y gobierno de los institutos universitarios y sus anexos y accesorios, se le determinan a la Junta de Síndicos las siguientes obligaciones:

"(4) *Conceder grados o títulos universitarios según ella misma lo determine y prescriba.*"

del peticionario, no puede prevalecer la alegación del apelante en cuanto a que el peticionario no actuó con "manos limpias". En ningún momento trató el peticionario de ocultar su situación ante la Junta o el Consejo. Estos organismos, con completo conocimiento de causa, variaron el *status* del peticionario de estudiante especial a estudiante regular y al hacerlo actuaron dentro de las facultades que la ley y el Reglamento les concede.

El Presidente de ambos cuerpos no tenía discreción para negarse a firmar el diploma. Consideramos que su deber en este caso es claramente ministerial.[3]

En el caso de *Valentine* v. *Independent School Dist.*, supra, aún cuando no existía una ley que obligara a expedir un diploma, ni constaban las reglas para su otorgamiento, se resolvió lo siguiente:

"En el presente caso no aparece qué reglas, si algunas, proveen los demandados respecto a la expedición de diplomas a quienes terminan el curso. Es cierto que no hay disposición expresa de ley requiriendo la expedición de un diploma en ese caso; pero nuestras escuelas son mantenidas mediante contribuciones, y son nuestras escuelas públicas, en cierto sentido, públicas, y las personas con autoridad, y quienes son responsables por el gobierno de las escuelas, están en cierto sentido, desempeñando un deber público. Y creemos y resolvemos que, aun en ausencia de una disposición expresa de

---

(3) Comentando el caso de *Hamlett* v. *Reid* (1915) 165 Ky. 613, 177 S.W. 440, se dijo en *Valentine* v. *Independent School Dist.*, 174 N.W. 334, 6 A.L.R. 1525, 1530:

" . . . el superintendente de instrucción pública, por estatuto, fué designado presidente ex officio de la junta de síndicos del Instituto Normal Industrial del Estado; los síndicos otorgaron un diploma al demandante, y todos lo firmaron a excepción del superintendente del estado; éste se negó a firmar, aunque el demandante había cumplido con todos los requisitos; se admitió que, aunque el diploma había sido firmado por el presidente pro témpore de la junta, y era válido sin la firma del superintendente del estado, sin embargo las autoridades del estado se habían negado a reconocerlo como válido sin la firma del superintendente del estado. Se resolvió que la ley no permitía que los propósitos para los cuales fué creada la escuela fueran frustrados por una acción arbitraria de parte de algún miembro de la junta, y la circunstancia de que el diploma era de hecho válido no justificaba al superintendente en negarse arbitrariamente a firmarlo, y que procedía un mandamus ordenándole que así lo hiciera."

350

ley, existe un deber legal implícito de parte de tales funcionarios a expedir constancia escrita de la graduación de la demandante en forma de un certificado, un diploma, o algo así, a aquellos que han terminado satisfactoriamente el curso de estudio prescrito, a no ser que por razones suficientes estén justificados en rehusarlo. Los demandados han adoptado el método de expedir diplomas, y no pueden discriminar contra la demandante.''

La doctrina de los casos citados es aplicable al de autos. El recurso se interpuso contra un oficial público, el Comisionado de Instrucción, quien a virtud de su cargo era Presidente de la Junta de Síndicos, y es ahora Presidente del Consejo Superior de Enseñanza, y como tal estaba y en el presente está obligado a cumplir con aquellos deberes ministeriales impuestos a la presidencia de dichos cuerpos de gobierno de la Universidad de Puerto Rico.

*Debe confirmarse la sentencia apelada.*

El Juez Presidente Sr. Travieso se inhibió.